287 So.2d 115 (1973)
GOULD, INC., a Corporation, Appellant,
v.
HYDRO-SKI INTERNATIONAL CORPORATION, Appellee.
No. 73-564.
District Court of Appeal of Florida, Fourth District.
November 30, 1973.
Rehearing Denied January 16, 1974.
Lloyd Herold, North Palm Beach, for appellant.
Louis Vernell, Miami, for appellee.
DOWNEY, Judge.
Appellee is engaged in the manufacture of watercraft at Port Everglades in Fort Lauderdale, Florida. One of its assets is a leasehold of the premises occupied by the manufacturing plant, which lease contains a prohibition against assignment without lessor's approval.
Appellant loaned appellee several hundred thousand dollars, represented by two promissory notes, which in turn were secured by a security agreement encumbering all of appellant's inventory, accounts receivable, *116 equipment, all of its contract rights, and all of its general intangibles. Asserting that the notes were in default, appellant sued to foreclose the security agreement. In aid of foreclosure a writ of attachment was procured with instructions to levy upon two specified vessels "and other property as is described in the security agreement, etc." Appellee filed a traverse and answer and the court in due course entered an order based upon a stipulation which essentially allowed appellee to continue in business without prejudice to appellant's right under the security agreement and the attachment. Several weeks later appellee moved the court for leave to renegotiate the aforementioned lease. Appellant objected to said motion on the ground that the lease was encumbered by the security agreement as one of appellee's "contract rights" referred to in said agreement. The trial court ruled that the appellee's leasehold was not subject to the security agreement and that appellant could proceed to renegotiate the lease. This interlocutory appeal seeks review of that order.
Appellant contends that a leasehold interest is personal property, Thalheimer v. Tischler, 55 Fla. 796, 46 So. 514 (1908); that a lessee may mortgage his leasehold interest, Johnson v. Metzinger, 116 Fla. 262, 156 So. 681 (1934); Oliver v. Mercaldi, Fla.App. 1958, 103 So.2d 665, regardless of the prohibition contained therein against assignment without the lessor's approval, Great Southern Aircraft Corporation v. Kraus, Fla.App. 1961, 132 So.2d 608; and that the security agreement encumbers the leasehold. We agree. The provision of the security agreement is all inclusive and unequivocal. It granted to appellant as collateral security "all of its contract rights". Unquestionably, the lease in question is one of appellee's contract rights.
The parties have devoted a considerable portion of their briefs to the validity vel non of the attachment in this case. However, the sole question passed on by the trial court and presented for review here is whether or not the security agreement covered the leasehold interest. As we construe the security agreement it does encumber the appellee's leasehold interest as one of its contract rights. Accordingly, the trial court erred in holding to the contrary in its order of April 16, 1973, which order is hereby reversed.
OWEN, C.J., and CROSS, J., concur.