**In re ALOMA SQUARE, INC., Debtor.**

**Bankruptcy No. 87–2034–BKC–6P1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 20, 1988.

Joel S. Treuhaft, Tampa, Fla., for debtor.

Harlan Tuck, Orlando, Fla., John A. Watson, Asst. U.S. trustee, Ft. Lauderdale, Fla., for Cal Fed.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon California Federal Savings & Loan Association's ("Cal Fed") Motion for Sequestration of Rents and Profits and Motion to Prohibit Use of Cash Collateral. A hearing on the motions was held January 21, 1988, and upon the evidence presented, the court finds in favor of Movant.

## FACTS

The debtor owns a retail shopping center on which Cal Fed holds a mortgage. The mortgage contains an assignment of rent clause which grants Cal Fed a security interest in all rents, profits, revenues, etc. derived from the property. However, the mortgage also provides that the mortgagor (debtor) had conditional permission to collect, receive and use such proceeds as its own.

In furtherance of their debtor-creditor relationship, the parties also executed a separate document, entitled Assignment of Leases, Rents and Profits, which assigned the debtor's interest in the tenant leases to Cal Fed. The assignment also provided that Cal Fed had the authority and power to collect the rents with or without taking possession of the property and without the necessity of instituting a foreclosure of its mortgage. The agreement also provides that the assignment constitutes an absolute and present assignment of the rents, subject only to the conditional permission given debtor to collect, receive, and to use the rent proceeds.

Prior to the filing of this bankruptcy case, the debtor defaulted under the terms of the loan and Cal Fed elected to pursue its foreclosure rights in state court. In connection with that action, Cal Fed moved for the appointment of a receiver and a hearing on the motion was set for August 14, 1987. However, one day prior to this hearing, debtor filed its petition for relief under Chapter 11, Title 11, United States Code. Cal Fed was thereby precluded from going forward with that action by the automatic stay. 11 U.S.C. § 362.

Cal Fed argues that the language contained in the mortgage agreement and in the assignment of rent gives it an unqualified or absolute assignment of rents. Accordingly, it claims that it has an immediate right of possession upon default without the necessity of conducting foreclosure proceedings. Alternatively, Cal Fed argues that its assignment rights vested upon demand under newly enacted Florida Statute § 697.07.

## DISCUSSION

In *Carolina Portland Cement Co. v. Baumgartner*, 99 Fla. 987, 128 So. 241 (1930), the Florida Supreme Court announced the principle that the owner of real property may assign away the rents and profits thereof. Says the Court:

> If the owner of real property may, as he unquestionably can, assign away the rents and profits thereof, why may he not pledge them along with the land,

thus incumbering them with a contract lien, as security for a debt?

*Id.* 128 So. at 245. However, if such an assignment was given for the purpose of securing the payment of money, it falls within the ambit of § 697.01, *Florida Statutes,* and is subject to the same rules of foreclosure as are prescribed for ordinary mortgages.

Under Florida law, a mortgage merely creates a lien against the land with the title and right of possession remaining with the mortgagor/owner. Thus, in order to protect a borrower's due process rights, the courts have determined that a mortgagee can acquire possession upon default only through judicial foreclosure and purchase at sale. *See Four Star Aviation, Inc. v. United States,* 409 F.2d 292 (5th Cir.1969); *Snow v. Nowlin,* 125 Fla. 166, 169 So. 598 (1936).

Similarly, an assignment of rent clause contained in a mortgage creates only a lien against the rent proceeds. The right to use those proceeds remains with the debtor and the lender succeeds to that right only after judicial foreclosure and sale. *See, White v. Anthony Investment Co.,* 119 Fla. 108, 160 So. 881 (1935); *In re Johnny Parham,* 72 B.R. 604 (Bkrptcy. M.D.Fla.1987) ("A mortgagee becomes entitled to rents pledged in a mortgage when the mortgagee takes possession of the property either by consent or through the appointment of a receiver in a foreclosure proceeding."). The parties are not permitted to subvert this requirement by entering into a separate assignment of rent agreement, for as long as that assignment secures a debt, it is deemed subject to the rules of foreclosure. § 697.01, *Florida Statutes; See also, Four Star Aviation,* supra.

These decisions must now be re-examined in light of the recent amendments to Chapter 679, *Florida Statutes.* That statute, specifically § 697.07, now provides:

A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall become absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee....

The issue now presented is whether this new statute is applicable to the present action.

■ Generally, in the absence of a clear legislative intent to the contrary, a law is presumed to act prospectively only. *See Walker & LaBerge, Inc. v. Halligan,* 344 So.2d 239 (Fla.1977). However, where the statute is remedial in nature or relates only to modes of procedure which do not create new or take away vested rights, the prohibition against retroactive application does not apply. *Lakeland v. Catinella,* 129 So. 2d 133 (Fla.1961); *Johnson v. State,* 371 So.2d 556 (Fla. 2d DCA 1979); 49 Fla. Jur.2d *Statutes* §§ 106–109.

■ Movant has argued that § 697.07 is procedural in nature and fits within the exception to the general rule. The Court agrees. Florida Statute § 697.07 does not create any new rights regarding the ability to assign rents. Rather, it merely codifies existing case law except for those cases resolving the point at which the right to collect those rents becomes absolute. Furthermore, the statute does not impair any existing contract rights as the parties freely contracted for the assignment of rents. All the statute does is merely change the procedural manner in which an assignment of rents becomes effective.

Absent an appellate ruling which is binding upon this Court, § 697.07 will be given retroactive effect to all pending cases and an assignment of rent will become effective upon compliance with the statute. This is not to say, however, that the assignor is unaffected by the automatic stay. 11 U.S.C. § 362. A creditor should, and must, obtain relief from the automatic stay prior to fixing its rights under the assignment.

■ In this case, Cal Fed has duly recorded its security interest and has made a written demand for compliance with the terms of the assignment prior to and in connection with the state court foreclosure action. It has therefore complied with the statute and may now claim the rents as cash collateral. Since the demand for turn over of the rents was made prior to the bankruptcy petition being filed, Cal Fed is

not affected by the automatic stay. The Court finds therefore, that Cal Fed is entitled to a sequestration of the rents derived from the mortgaged property and to an order prohibiting the use of cash collateral. The Court will enter a separate order in accordance with these findings.