546 So.2d 434 (1989)
EXECUTIVE SQUARE, LTD., Appellant,
v.
DELRAY EXECUTIVE SQUARE, LTD., a Florida Limited Partnership, Appellee.
No. 88-1918.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Rehearing and Clarification Denied August 7, 1989.
William J. Barnes of Gilbride, Heller & Brown, P.A., Miami, for appellant.
Margaret L. Cooper of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellee.
PER CURIAM.
We find no merit in appellant's argument that the trial court exceeded its jurisdiction when it entered its order requiring appellant to deposit rents into the registry of the court. The assignment of rents became absolute upon appellant's default and operative upon written demand by appellee. § 697.07, Fla. Stat. (1987). Appellant quoted part of section 697.07 but failed to quote the operative language which provides:
A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee.
See also In re Aloma Square, Inc., 85 B.R. 623 (Bkrtcy.M.D.Fla. 1988); In re Mears, 88 B.R. 419 (Bkrtcy.S.D.Fla. 1988).
We find no merit in appellant's remaining points on appeal. Accordingly, we affirm.
AFFIRMED.
DOWNEY, DELL and STONE, JJ., concur.