**In re ONE FOURTH STREET NORTH, LTD., Debtor.**

**Bankruptcy No. 89–2828–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 25, 1989.

Don M. Stichter, Tampa, Fla., for debtor.

John Yanchunis, St. Petersburg, Fla., for Florida Federal Savings Bank.

ORDER ON MOTION FOR
AUTHORITY TO USE
CASH COLLATERAL

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a Motion to Prohibit Use of Cash Collateral by Florida Federal Savings Bank (Florida Federal) and a Motion for Authority to Use Cash Collateral filed by One Fourth Street North, Ltd. (Debtor). The Court has considered the Motion, together with the record, heard argument of counsel, and now finds and concludes as follows:

On May 15, 1989, this Court entered an Order on the Motion to Restrict Use of Cash Collateral filed by Florida Federal, and denied the Motion. The Order permitted the Debtor to use the rents collected from the real property owned by the Debtor, but limited the Debtor's right to use the rent to pay only those expenses necessary to maintain and preserve the property which is the subject of a mortgage held by Florida Federal.

Presently under consideration is the issue of whether or not the conditional assignment set forth in the Mortgage and Assignment of Rents held by Florida Federal has become an absolute assignment pursuant to Fla.Stat. § 697.07, thereby

transferring ownership to all rents and incomes generated by the mortgaged property to Florida Federal. Florida Federal contends that it has perfected and established its right to the rents prior to the filing of the bankruptcy case in accordance with Fla.Stat. § 697.07, and, therefore, is entitled to an Order prohibiting use of the rents collected or sequestering the rent.

Fla.Stat. § 697.07 provides in pertinent part:

> A mortgage may provide for an assignment of rent and if such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demands made by the mortgagee.

Under Florida common law prior to the enactment of § 697.07, it was well settled in this State that a mortgagee was not entitled to any of the rents and profits derived from the mortgaged property unless it had obtained an order of sequestration or actually took possession of the property either by consent or through the appointment of a receiver. *In re Hamlin's Landing Joint Venture*, 77 B.R. 916, 919 (Bankr.M.D.Fla.1987); *In re Parham*, 72 B.R. 604 (Bankr.M.D.Fla.1987). This Court in *Hamlin's Landing* noted that this was the rule not only in the State of Florida, but was also well established in other jurisdictions. There is hardly any doubt that the literal reading of the Statute apparently indicates that under the conditions set forth, the assignment of the rent becomes absolute, i.e., will become the property of the mortgagor. This conclusion in turn also may permit the conclusion that the rents derived from the mortgaged properties are not properties of the estate of the Debtor if the written demand was made for the rent by the mortgagee prior to the commencement of the case.

■ Notwithstanding the liberal language of the Statute, this Court is satisfied that § 697.07 was not intended to constitute a complete derogation of the law that had been well settled in this state. In other words, it was not meant to create an outright or absolute transfer of ownership interest in rents where none existed before.

On the contrary, it was intended only to create a more simplified or expeditious mechanism for the perfection of the right to sequester rents to be applied to the indebtedness secured by the mortgage and was intended to be nothing more than additional security. This now can be accomplished upon written demand for the rent, without the necessity of any court proceedings.

Such limited effect of the Statute was recognized by the Court in *In re Aloma Square, Inc.*, 85 B.R. 623, 625 (Bankr.M.D. Fla.1988). In that case, which dealt primarily with the issue of whether the statute applied retroactively, the Court, in dicta, agreed that § 697.07 was procedural in nature, merely codified existing case law, and did not create any new rights:

> All the statute does is merely change the *procedural manner* in which an assignment of rents becomes effective. *Id.* (emphasis supplied).

Consequently, rather than adding to a mortgagee's substantive rights, the statute simply provides a less cumbersome mechanism to perfect the right to the rents obtained from the mortgaged property.

This conclusion is also consistent with the balance of the language contained in § 697.07, which states that:

> Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court *pending adjudication of the mortgagee's rights to the rents*, any payments therefrom to be made solely *to protect the mortgaged property and meet the mortgagor's lawful obligations* in connection with the property. (emphasis supplied)

This Section obviously contemplates further judicial proceedings and requires a determination of "the mortgagee's right to the rents." Obviously, if the mortgagee had acquired an ownership right in the rents upon making the written demand, there would be no further need of any proceeding or an adjudication of the mortgagee's right to the rents, and the Statute contemplates some further adjudication or

**322**

determination of the mortgagee's right to the rents.

In addition, § 697.07 on its face provides that the rent proceeds shall be utilized to protect the mortgaged property. This proposition is consistent with the notion only of a security interest in the rents, and not absolute ownership interest. To accept the proposition that a written demand for the rents by the mortgagee, pursuant to the statute, confers absolute ownership would also mean that even if the underlying obligation owed to the mortgagee is satisfied, the mortgagee would still be entitled to collect the rents even though there is nothing further owed by the mortgagor, a proposition which is absurd on its face. Based on the foregoing, this Court is satisfied that while Florida Federal may have a security interest in the rent, and the rent revenues may constitute cash collateral, the Debtor should be authorized to use such cash collateral to maintain the property and pay its ordinary operating expenses, which includes ordinary maintenance and tenant service.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor shall be permitted to utilize the incoming rents produced from and generated by the real property to maintain the property and preserve the Debtor's real property which is the subject of the mortgage held by Florida Federal Savings Bank. It is further

ORDERED, ADJUDGED AND DECREED that with respect to the remaining rents and income produced by the subject property, the Debtor shall deliver to Florida Federal Savings Bank on a monthly basis 75% of said net rent and income.

DONE AND ORDERED.