In re ALOMA SQUARE, INC., Debtor.

ALOMA SQUARE, INC., Appellant,

v.

CALIFORNIA FEDERAL SAVINGS
AND LOAN ASSOCIATION,
Appellee.

No. 88–741–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

June 7, 1990.

Joel S. Treuhaft, Tampa, Fla., for appellant.

John A. Watson, Fort Lauderdale, Fla., and Harlan Tuck, Orlando, Fla., for appellee.

G. KENDALL SHARP, District Judge.

Appellant Aloma Square, Inc. is not challenging any of the Bankruptcy Court's findings of fact in this proceeding. Accordingly, the Court adopts the facts as set forth by the bankruptcy court in the opinion below. *See In re Aloma Square, Inc.,* 85 B.R. 623 (Bankr.M.D.Fla.1988). Appellant does dispute, however, the bankruptcy court's conclusions of law. This Court may freely examine "the applicable principles of law to see if they were properly applied and freely examines the evidence in support of any particular finding to see if it meets the test of substantiality." *In re Fielder,* 799 F.2d 656, 657 (11th Cir.1986); *see also Matter of Garfinkle,* 672 F.2d 1340, 1344 (11th Cir.1982) (quoting *Highland Village Bank v. Bardwell,* 610 F.2d 228, 230 (5th Cir.1980)); *In re Evans Products,* 60 B.R. 863, 865 n. 4 (S.D.Fla.1986) (citing *Matter of Multiponics,* 622 F.2d 709, 713 (5th Cir.1980) (holding that Federal district court should engage in de novo review of the bankruptcy court's conclusions of law.)

The Appellant seeks a reversal of the bankruptcy court's Order of April 20, 1988, granting two motions of the Appellee, California Federal Savings and Loan, Inc. The first motion sought to prohibit the Appellant from making any use of rental proceeds collected on the subject property in which the Appellee has a security interest; the second motion requested the court to

sequester such rents and profits.[1] The court concluded that the Appellant was not entitled to such proceeds after finding that the Appellee had perfected its interest in such proceeds by complying with the requirements of section 697.07, Florida Statutes.

On this appeal, the Appellant is not questioning specifically the court's finding that the Appellee satisfied the requirements of section 697.07 for perfection of an interest in rental proceeds pursuant to an assignment of rents clause.[2] Instead, the Appellant challenges the court's application of section 697.07 to the facts of instant case. The Appellant argues that the issue whether the Appellee perfected its interest in the rental proceeds should have been evaluated pursuant to the common law of Florida, not pursuant to section 697.07.

Under the common law which governed mortgage foreclosures in Florida prior to the enactment of section 697.07, a mortgagee became entitled to his mortgagor's rents pursuant to an assignment of rents clause only at such time he takes possession of the property either by consent of the owner or through the appointment of a receiver in a foreclosure proceeding. *In re Executive Square, Ltd.*, 77 B.R. 303, 304 (Bankr.S.D. Fla.1987); *White v. Anthony Inv. Co.*, 119 Fla. 108, 160 So. 881, 882 (1935); *Bornstein v. Somerson*, 341 So.2d 1043, 1048 (Fla. Dist.Ct.App.1977). In the instant case, the Appellee had not satisfied these "common law" requirements prior to the filing of the bankruptcy petition. Thus, because the automatic stay of section 362(a), Title II, United States Code, prevented any post-petition perfection, Appellant asserts that the Appellee never perfected its interest in the rental proceeds.[3] Accordingly, such proceeds should have remained with the Appellant.

The bankruptcy court evaluated the issue whether the Appellee had perfected its interest in the rental proceeds under section 697.07 instead of under Florida common law because it found that section 697.07 should be applied retroactively. The court concluded that the section 697.07 had retroactive application because it is purely a remedial or procedural statute which neither creates, nor takes away, vested rights. The Appellant contends, on the other hand, that section 697.07 effectively abolished its substantive right to use of the rent proceeds. Section 697.07 therefore cannot be applied retrospectively to deprive Appellant of the rental proceeds. The determinative issue on this appeal, therefore, is whether section 697.07 may be given retrospective effect.

Typically, in the absence of clear legislative intent to the contrary, Florida courts will presume a law to act prospectively. *Birnholz v. 44 Wall Street Fund, Inc.*, 880 F.2d 335, 338 (11th Cir.1989) (citing *Young v. Altenhaus*, 472 So.2d 1152, 1154 (Fla.1985)). This presumption is given even greater weight when "the putatively retroactive statute adversely affects or destroys vested rights or imposes new duties or obligations in connection with transactions or considerations previously had or expiated." *Id.* at 339 (citation omitted). Nevertheless, statutes which relate to remedies or modes of procedure and do not create new or invalidate vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not fall within the prohibition against retroactive legislation. *City of Lakeland v. Catinella*, 129 So.2d 133 (Fla.1961); *see also St. John's Village I v. Dep't of State*, 497 So.2d 990 (Fla.Dist.Ct.App.1986).

Section 697.07, Florida Statutes, provides:

---

1. The Appellee had acquired such interest pursuant to an assignment of rents clause contained in a mortgage granted in the subject property by the Appellant to the Appellee.

2. If section 697.07 is applied to the instant case, then the Appellee, as a mortgagee, perfected its interest in rental proceeds. Prior to the filing of the bankruptcy petition, the Appellee served a written request on the Appellant, the mortgagor, to honor the assignment of rents clause contained in the mortgage. The Appellee therefore satisfied the only requirement under section 697.07 to perfect the proceeds.

3. In the instant case, the Appellee had instituted foreclosure proceedings in Florida state court prior to the Appellant's filing for bankruptcy. In fact, a hearing on the Appellee's motion to appoint a receiver of the mortgaged property was scheduled for August 14, 1987. One day prior to such hearing, however, the Appellant filed a bankruptcy petition under Chapter 11, Title 11, United States Code. Because the automatic stay prevented any post-petition perfection, the Appellant argues, the Appellee therefore failed to perfect its interest according to the mortgage foreclosure law of Florida as it existed prior to October 1, 1987, the effective date of section 697.07.

A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee. Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court pending adjudication of the mortgagee's right to the rents, any payments therefrom to be made solely to protect the mortgaged property and meet the mortgagor's lawful obligations in connection with the property. Any undisbursed portion of said rents shall be disbursed in accordance with the court's final judgment or decree.

The Eleventh Circuit Court of Appeals has recently noted that "[b]y definition, a remedial statute is one which confers or changes a remedy; a remedy is the means employed in enforcing a right or in redressing an injury." *Birnholz*, 880 F.2d at 339 (quoting *St. John's Village I., Ltd.*, 497 So.2d at 993).

This Court agrees with the finding of the bankruptcy court that section 697.07 is purely a remedial or procedural statute and, therefore, can be applied retrospectively in the instant case. *In re Aloma Square, Inc.*, 85 B.R. at 625; *see also In re One Fourth Street North*, 103 B.R. 320 (Bankr.M.D.Fla.1989). The Appellee was not granted any new substantive right by section 697.07; instead, the new statute provides a simplified procedure to enforce an assignment of rents clause. *In re One Fourth Street North*, 103 B.R. at 321; *see also In re 163rd Street Mini Storage, Inc.*, 113 B.R. 87 (Bankr.S.D.Fla.1990) (determining that notice pursuant to section 697.07 was intended to transform the collateral assignment of rents into an absolute assignment, the court nevertheless recognized that the Florida legislature enacted section 697.07 in order to remedy the problems facing mortgagees when attempting to enforce an assignment of rents clause under Florida common law by providing them instead with "a simple, equitable and inexpensive procedure" to enforce such clauses). Moreover, as the lower court observed, "the statute does not impair any existing contract rights as the parties freely contracted for the assignment of rents." Indeed, a key purpose of remedial statutes is to give effect to the acts and contracts of individuals according to their expressed intention. 49 Fla.Jur.2d *Statutes* § 108 (1984) (citing *Grammer v. Roman*, 174 So.2d 443 (Fla.Dist.Ct.App.1965)).

For the reasons stated herein, the Order of the Bankruptcy Court is AFFIRMED.

DONE AND ORDERED.