579 So.2d 259 (1991)
NASSAU SQUARE Associates, Ltd. and Shl Management, Inc., Appellants,
v.
Insurance Commissioner of the State of California, As Conservator of Pacific Standard Life Insurance Company, Appellee.
Sandalfoot Square Associates, Ltd. and Shl Management, Inc., Appellants,
v.
Insurance Commissioner of the State of California, As Conservator of Pacific Standard Life Insurance Company, Appellee.
Nos. 90-3165, 90-3185.
District Court of Appeal of Florida, Fourth District.
May 1, 1991.
Hala Mary Ayoub and Paul R. Pizzo of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellants.
Judith A. English of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
PER CURIAM.
These two appeals, which we sua sponte consolidate, emanate from the trial court's ruling that section 697.07, Florida Statutes (1987), should be retroactively applied. We affirm.
The collateral assignment of rents and leases, executed by the debtor in connection with a mortgage and note, granted to the creditor a security interest in the rents generated from the mortgaged property, together with the right to collect the rents upon default by the debtor. This assignment was executed before the effective date of the statute and thus the issue before us is whether section 697.07, which does not expressly provide for retroactive application, should be nevertheless retroactively applied. The trial court's order determined that the statute was remedial in nature and should be applied retroactively. A statute which is either remedial or procedural can be applied retroactively. Department *260 of Agriculture and Consumer Services v. Bonanno, 568 So.2d 24 (Fla. 1990).
The statute provides:
697.07 Assignment of rents. A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee. Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court pending adjudication of the mortgagee's right to the rents, any payments therefrom to be made solely to protect the mortgaged property and meet the mortgagor's lawful obligations in connection with the property. Any undisbursed portion of said rents shall be disbursed in accordance with the court's final judgment or decree.
No Florida state court has addressed the issue of retroactivity of section 697.07. There is a split of authority among federal courts on the issue. We agree with the creditor that the court was correct in determining the statute procedural or remedial and thus retroactive.
Prior to the enactment of section 697.07, Florida common law provided that a mortgagee was not entitled to any of the rents and profits from the property when it had obtained an order of sequestration or actually taken possession of the property, either by consent or the appointment of a receiver. In re 163rd St. Mini Storage, Inc., 113 B.R. 87 (Bankr., S.D.Fla. 1990). The legislative analysis for House Bill 1153, enacted into law by the legislature as section 697.07, reflects that the drafters were specifically concerned with the problems encountered by mortgagees in enforcing assignment of rent clauses:
Despite ... [the fact that Florida specifically authorizes certain lending institutions to require assignments or rents and to enforce them as security for loans granted], Florida courts have consistently ruled that the Mortgagor is entitled to ... continue to receive the rents from such property until final disposition through a completed foreclosure. (Citations omitted) The refusal of courts to permit enforcement of assignment of rents has resulted in mortgage lenders becoming reluctant to seek enforcement of instruments containing such clauses.
Final Staff Analysis, H.B. 1153, p. 108 (June 17, 1987).
It is obvious that the drafters were aware of Florida's common law concerning the assignments of rents. The legislative analysis goes on to state that "[s]ection 697.07, Florida Statutes, is created to provide that any mortgage may contain an assignment of rents, and where such assignment is made it shall be absolute upon default of the mortgagor. The assignment shall become operative upon written demand by the mortgagee." Id.

From this history, the Court concludes that after recognizing the problems in enforcing assignments of rents under Florida common law, the Legislature enacted § 697.07 for the specific purpose of solving those problems. As a new law, § 697.07 would remedy the enforcement problem by enabling and authorizing the mortgagee to enforce its assignment of rents clause without the need for the foreclosure proceeding.

In re 163rd Street Mini Storage, Inc., at 89.
In concluding that the statute was procedural, the court in In re Aloma Square, Inc., 85 B.R. 623 (Bankr.M.D.Fla. 1988) stated:
Florida Statute § 697.07 does not create any new rights regarding the ability to assign rents. Rather, it merely codifies existing case law except for those cases resolving the point at which the right to collect those rents becomes absolute. Furthermore, the statute does not impair any existing contract rights as the parties freely contracted for the assignment of rents. All the statute does is merely change the procedural manner in which an assignment of rents becomes effective.
*261 This analysis was affirmed by the United States District Court for the Middle District of Florida:
This court agrees with the finding of the bankruptcy court that section 697.07 is purely a remedial or procedural statute and, therefore, can be applied retrospectively in the instant case. (Cites). The appellee was not granted any new substantive right by section 697.07; instead, the new statute provides a simplified procedure to enforce an assignment of rents clause. (Cites omitted).
* * * * * *
Moreover, as the lower court observed, "the statute does not impair any existing contract rights as the parties freely contracted for the assignment of rents." Indeed, a key purpose of remedial statutes is to give effect to the acts and contracts of individuals according to their expressed intention. (Cites omitted).
In re Aloma Square, Inc., 116 B.R. 827 (M.D.Fla. 1990).
We also agree that the plain language of the statute, when it refers to "pending adjudication of the mortgagee's rights to the rents," indicates that further judicial proceedings are contemplated, which language would be surplusage if the statute gave the mortgagee an absolute right to the rent. An absolute transfer would not suppose a deposit into the registry of the court. In In re One Fourth Street North, Ltd., 103 B.R. 320 (Bankr.M.D.Fla. 1989), it was held that the statute was not intended to be in complete derogation of the common law and did not create an absolute transfer of ownership interest in rents where none existed before. Id. at 321. That opinion also pointed out that to accept the "absolute ownership" interpretation would mean that even if the underlying obligation owed to the mortgagee is satisfied, the mortgagee would still be entitled to collect the rents, an absurd proposition. See also In re Cardinal Industries, 118 B.R. 971 (Bankr.S.D.Ohio 1990). It should also be noted that in Executive Square, Ltd. v. Delray Executive Square Ltd., 546 So.2d 434 (Fla. 4th DCA 1989), rev. denied, 554 So.2d 1167 (Fla. 1989), this court cited In re Aloma Square, Inc., 85 B.R. 623 (Bankr.M.D.Fla. 1988) and In re Mears, 88 B.R. 419 (Bankr.S.D.Fla. 1988). Both of those bankruptcy cases found the statute to be retroactive.
The debtor cites three bankruptcy court cases which found the statute substantive. For example, in In re Camelot Associates, Ltd. Partnership, 102 B.R. 161 (Bankr. Minn. 1989), the court reasoned that the statute did do away with prior common law requirements of under-secured states and/or insolvency as a prerequisite to the appointment of a receiver and resultant enforcement of rents. It cites no federal district court which has taken this position, and we decline to do so.
AFFIRMED.
DOWNEY, ANSTEAD and LETTS, JJ., concur.