581 So.2d 943 (1991)
OAKBROOKE ASSOCIATES, LTD., et al., Appellants,
v.
INSURANCE COMMISSIONER OF the STATE OF CALIFORNIA, Etc., Appellee.
No. 90-2562.
District Court of Appeal of Florida, Fifth District.
June 13, 1991.
Paul R. Pizzo and Hala Mary Ayoub of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for appellants.
Judith A. English and J. Gregory Jacobs of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
DAUKSCH, Judge.
This is an appeal from an order awarding an assignment of rents pursuant to section 697.07, Florida Statutes (1989). The facts show that in 1984, appellant, Oakbrooke Associates, Ltd., executed and delivered to Sunrise Savings & Loan Association of Florida a promissory note in the amount of $5,200,000. The note was secured by a mortgage and by a collateral assignment of rents and leases. Sunrise eventually became insolvent and the Federal Savings & *944 Loan Insurance Corporation was appointed as its receiver. The FS & LIC executed and delivered the note, mortgage and collateral assignment of rents and leases to the Pacific Standard Life Insurance Company, Sunrise's successor in interest. Pacific Standard Life Insurance Company merged with Pacific Standard Life Insurance Company of California and Pacific Standard became the owner and holder of the documents. Appellee, Roxani Gillespie, Insurance Commissioner of the State of California, was thereafter appointed as conservator of Pacific Standard.
In July of 1987, appellant defaulted under the terms of the note and mortgage. Appellee instituted foreclosure proceedings on the property and security interests including the collateral assignment of rents and leases. She alleged in her foreclosure complaint that she had served appellant with a written demand letter requesting payment of all rents, incomes, issues, profits and other revenues arising from the mortgaged property pursuant to section 697.07, Florida Statutes (1989). She alleged further that appellant had failed to comply with her demand for payment. She therefore sought appointment of a receiver and an order requiring appellant to deposit its rents into the court's registry from the date of her demand letter, pending adjudication of her right to the rents.
A hearing was held, after which the trial court ruled that section 697.07, Florida Statutes (1989) should be applied retroactively. Appellant was ordered to deposit its rents into the court's registry. Appellant has appealed this order.
The issue on appeal is whether the trial court erred by determining that section 697.07, Florida Statutes (1989) should be applied retroactively. This statute provides:
697.07 Assignment of Rents.  A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand by the mortgagee. Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court pending adjudication of the mortgagee's right to the rent, any payments therefrom to be made solely to protect the mortgaged property and meet the mortgagor's lawful obligations in connection with the property. Any undisbursed portion of said rents shall be disbursed in accordance with the court's final judgment or decree.
The Fourth District Court of Appeal has recently ruled on the issue presented. Its decision is the only district court decision addressing this issue. In Nassau Square Associates, Ltd. & SHL Management, Inc. v. Insurance Commissioner of the State of California, Sandalfoot Square Associates, et. al., 579 So.2d 259 (Fla. 4th DCA 1991), the district court affirmed the trial court's determination that section 697.07, Florida Statutes (1987) was remedial in nature and that it should be retroactively applied.
Relying on Department of Agriculture and Consumer Services v. Bonanno, 568 So.2d 24 (Fla. 1990), the Nassau court noted initially that statutes which are either remedial or procedural may be applied retroactively. With facts virtually identical to those in the present case, the district court noted that Florida's common law precluded a mortgagee from obtaining rents and profits pursuant to a sequestration order or when it had taken possession of the property, either by consent or appointment of a receiver.
The district court emphasized that the drafters of section 697.07, Florida Statutes (1987) were concerned with mortgagees' problems in enforcing assignment-of-rents clauses. Examining the legislative history of the statute, it noted the legislature's acknowledgment that mortgage lenders had become reluctant to seek enforcement of documents containing assignment-of-rents clauses because the mortgagors were entitled to receive rents from property in default until a foreclosure had been completed.
The district court concluded that the legislature had enacted section 697.07, Florida *945 Statutes (1987) to remedy the mortgagees' enforcement problems by enabling them to enforce assignment-of-rents clauses without the need of a foreclosure proceeding. The court relied upon the reasoning in In re Aloma Square, Inc., 85 B.R. 623 (Bankr. M.D.Fla. 1988) in which the court stated:
Florida Statutes § 697.07 does not create any new rights regarding the ability to assign rents. Rather, it merely codifies existing case law except for those cases resolving the point at which the right to collect those rents becomes absolute. Furthermore, the statute does not impair any existing contract rights as the parties merely contracted for the assignment of rents. All the statute does is merely change the procedural manner in which an assignment of rents becomes effective.
The Nassau court further noted that the foregoing analysis was affirmed in In re Aloma Square, Inc., 116 B.R. 827 (M.D. Fla. 1990) in which the court stated:
This court agrees with the finding of the Bankruptcy Court that section 697.07 is purely a remedial or procedural statute and, therefore, can be applied retrospectively in the instant case. The appellee was not granted any new substantive right by section 697.07; instead, the new statute provides a simplified procedure to enforce an assignment of rents clause. (citations omitted).
* * * * * *
Moreover, as the lower court observed, "The statute does not impair any existing contract rights as the parties freely contracted for the assignment of rents." Indeed, a key purpose of remedial statutes is to give effect to the acts and contracts of individuals according to their expressed intention. (citations omitted).
Significantly, the supreme court has also recently rendered a decision which is partially supportive of the Nassau court's interpretation of this statute. Although its decision in Haven Federal Savings & Loan Ass'n v. Kirian, 579 So.2d 730 (Fla. 1991) addressed the constitutionality of section 702.01, Florida Statutes (1987), to the extent that it conflicted with Florida Rule of Civil Procedure 1.270(b), the decision contains the following footnote:
Specifically, the amendments to § 702.01, Fla. Stat. (1987), were part of CS for HB 1153 which the legislature enacted during the 1987 session. According to the final staff analysis of the House Commerce Committee, that legislation amended §§ 697.07, 201.022 and 702.01 to create a simple, equitable, and inexpensive method by which a mortgage lender could enforce an assignment of rents contract.
Id. at 733. This footnote is supportive of the Nassau court's interpretation of the statute and of those federal cases which have held that it may be retroactively applied.
There is a split of authority among federal courts as to the outcome of the issue presented in this case. There are several federal courts deeming section 697.07, Florida Statutes (1989) remedial in nature and applying it retroactively. See In re Aloma Square, Inc., (II); In re Cardinal Industries, Inc., 118 B.R. 971 (Bankr.S.D.Ohio 1990); In re One Fourth Street North, Ltd., 103 B.R. 320 (Bankr.M.D.Fla. 1989); In re Mears, 88 B.R. 419 (Bankr.S.D.Fla. 1988); In re Aloma Square, Inc., (I). These courts have concluded that the statute does not effect a party's substantive rights.
These federal courts agree that the statute was not meant to create an absolute transfer of ownership interests in rents in the mortgagee but was intended only to create a more simplified procedure to sequester rents obtained from the mortgaged property without the necessity of court proceedings. The fact that the statute provides that the rents are used to protect the mortgaged property has also been deemed consistent with the conclusion that the mortgagee merely has a security interest in them.
Conversely, there are several federal courts which have concluded that the statute is substantive rather than procedural. See In re Thymewood Apartments, Ltd., 123 B.R. 969 (S.D.Ohio 1991); In re Westport-Sandpiper Associates, Ltd., Partnership, *946 116 B.R. 355 (Bankr.D.Conn. 1990); In re Franklin Pembroke Venture II, 105 B.R. 276 (Bankr.E.D.Pa. 1989); In re Camelot Associates, Ltd., Partnership, 102 B.R. 161 (Bankr.D.Minn. 1989).
In Camelot, the court specifically rejected the mortgagee's claim to rents allegedly due under an assignment-of-rents clause after the mortgagors defaulted and filed for bankruptcy. The court found that the Aloma court had mischaracterized the nature of section 697.07, Florida Statutes (1987) as procedural rather than substantive stating:
FLA. STAT. s. 697.07 makes all Florida assignments of rents into absolute transfers of the ongoing income stream, enforceable after the mortgagor's default upon the mortgagee's subsequent written demand. It apparently does away with the prior common-law requirement of undersecured status and/or insolvency as a prerequisite to the appointment of a receiver and the resultant enforcement of an assignment of rents. It also affects previously-settled property rights, to the extent that it vests the assignee with the right to receive rents during the "swing" period between written demand and the appointment of a receiver; under the prior law, the assignor would have enjoyed those rights. It thus operates to change the substantive property rights of the parties to an assignment of rents, at least in the situation of an undersecured mortgagee who has no adequate recourse against other parties. As such, it is not merely a clarification of prior statutory or common law; nor does it merely establish or elaborate an enforcement procedure.
* * * * * *
Applying the statute retroactively to the relationships in these cases  created under instruments executed three to four years before the effective date of the statute  would impermissibly impair these rights and expectations.
102 B.R. at 166.
We agree with our sister court's reasoning in Nassau and with the Middle District's reasoning in Aloma Square (I & II) that the subject statute was enacted in order to facilitate enforcement of assignment-of-rents clauses rather than to create a substantive, absolute right to receive rents upon demand. As the Nassau court reasoned, the language in the statute which contemplates further judicial proceedings to determine the mortgagee's dispositive right to the rents would be meaningless if this latter interpretation were adopted. Relying upon In re One Fourth Street North, Ltd., the Nassau court reasoned that if the absolute ownership theory were accepted, the mortgagee would still be entitled to collect rents even if the underlying obligation were satisfied. Moreover, there would be no need for deposit of the rents into the court registry and the mortgagor would not be authorized to pay the operating expenses with the rents. The court characterized this as an absurd result.
The trial court's retroactive application of section 697.07, Florida Statutes (1989) should be affirmed because the statute does not operate to impair rights vested before enactment, create new obligations for the parties in a pre-existing legal relationship or impose new penalties on conduct which occurred before enactment. See City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961). See also St. John's Village I, Ltd. v. Department of State, Div. of Corporations, 497 So.2d 990 (Fla. 5th DCA 1986). It is well established that the law in existence at the time a contract is made forms a part of the contract. Ivey v. State ex rel. Watson, 147 Fla. 635, 3 So.2d 345 (1941); National Merchandise Co., Inc. v. United Service Aut. Ass'n, 400 So.2d 526 (Fla. 1st DCA 1981).
AFFIRMED.
COBB and DIAMANTIS, JJ., concur.