**In the Matter of GORROW DEVELOPMENT CORPORATION, Debtor.**

**Bankruptcy No. 91–11227–8B1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 26, 1991.

Buddy D. Ford, Tampa, Fla., for debtor.

Robert J. Wahl, St. Petersburg, Fla., for Investors Sav. Bank.

## ORDER ON EMERGENCY MOTION OF INVESTORS SAVINGS BANK TO PROHIBIT USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon the Emergency Motion of Investors Savings Bank to Prohibit Use of Cash Collateral and Adequate Protection. By separate Order, this Court disposed of all issues raised in the Emergency Motion except whether an assignment of rents became absolute prior to the filing of the instant bankruptcy. The facts necessary for the resolution of this issue are as follows:

On April 27, 1988, Gorrow Development Corporation (Debtor) executed three documents in favor of Investors Savings Bank (Investors): (1) a Mortgage Note in the amount of $5,150,000; (2) a Mortgage Assignment of Rents and Security Agreement; and (3) an Assignment of Leases, Rents and Profits. A Uniform Commercial Code—Financing Statement (Form UCC-1) was filed that same day.

Debtor subsequently defaulted on the note, and Investors brought suit in state court to foreclose its mortgage and assignment. On May 29, 1991, the state court found "[t]he Mortgage and Assignment provide for an absolute assignment of income, rents, issues and revenues from the property" and held:

(1) ... effective immediately ... any party having any obligation to make payment of any nature to [Debtor] ... by reason of having a possessory interest in [the subject real property] ... shall henceforth make all such payments to [Investors] ...

(2) [Debtor] ... will ... deliver ... to [Investors] ... all invoices, statements or other demands for payment from third parties as are reasonably necessary for the operation and maintenance of the [subject real property] ... [Investors] ... shall pay all such expenses of operation [not in excess of $10,000 per month] on behalf of [Debtor] ... directly and shall deposit the income which is in excess of those expenses in an interest bearing account with the interest to be credited to the obligations of [Debtor] ... to [Investors] ...

(3) ... for purposes of the collection of funds and payment of expenses [Investors] shall be the agent for the principal, [Debtor] ...

(4) Upon the termination of this matter, whether by settlement or final adjudication, [Investors] ... will credit [Debtor] ... with the amount of principal and interest which has accrued in the interest

bearing account at the time of such termination.

On August 30, 1991, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C.). The Court originally granted Debtor's Motion for Authority to Use Cash Collateral on September 12, 1991, but subsequently considered the Emergency Motion of Investors Savings Bank to Prohibit Use of Cash Collateral and Adequate Protection. The only issue remaining for consideration after the hearing on the Emergency Motion is whether the assignment of rents became absolute prior to the filing of the instant bankruptcy. If the assignment of rents became absolute prior to the filing of the bankruptcy, the rents collected by Investors are property of Investors and not property of Debtor's estate. If, on the other hand, the assignment of rents did not become absolute prior to the filing of the bankruptcy, the rents collected by Investors are property of Debtor's estate and thus available for use as cash collateral.

■ In pertinent part, 28 U.S.C. § 1738 provides:

> ... judicial proceedings ... [of any state court] shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken.[1]

Pursuant to this provision, this Court must accord full faith and credit to the state court order of May 29, 1991.[2] *Loudermilk v. Levine, Hirsch, Segall and Northcutt, P.A. (In re Pattie)*, 107 B.R. 370 (Bankr. M.D.Fla.1989). Having said that, the real question becomes what did the state court decide.

■ The plain language of the state court's May 29 order leads to the inescap-

able conclusion there has been no absolute assignment of rents to Investors. Although the state court found the mortgage and assignment provided for an absolute assignment of rents, the state court went on to specify the exact rights and responsibilities of Investors with respect to the rents collected from the subject real property. Investors was authorized to collect rents on behalf of Debtor, but Investors was also obligated to pay reasonably necessary expenses of operation and maintenance incurred by Debtor. Indeed, the state court held for the purpose of collecting rents and paying expenses, Investors was the agent for Debtor, the principal. An absolute assignment of rents would vest in Investors all right, title, and interest in the rents—the full bundle of rights—for Investors to dispose of in any manner it chose. Clearly, that is not the state court's ruling in its order of May 29. There has been no absolute assignment of rents to Investors.[3]

Moreover, this interpretation of the state court's order comports with the widely recognized application of Section 697.07 of the Florida Statutes. Section 697.07 of the Florida Statutes provides:

> A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee. Upon application by the mortgagee, a court of competent jurisdiction may require the mortgagor to deposit such rents in the registry of the court pending adjudication of the mortgagee's right to the rents, any payments therefrom to be made solely to protect the mortgaged property and meet the mortgagor's lawful obligations in connection

---

1. Although 28 U.S.C. § 1738 requires that state court judicial proceedings be proved "by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form," Debtor has not raised any objection to the presentation of a non-certified copy of the May 29, 1991, state court order appended by Investors to its Emergency Motion.

2. Debtor's contention that there has been no judicial proceeding in state court because there

is no final judgment is utterly meritless. The plain language of 28 U.S.C. § 1738 provides full faith and credit is accorded to *judicial proceedings. See McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984).

3. This Court notes the state court's order is not much different from a standard cash collateral or adequate protection order generally utilized in Chapter 11 bankruptcy cases.

with the property. Any undisbursed portion of said rents shall be disbursed in accordance with the court's final judgment or decree.

There has been a dichotomy in the case law interpreting this statute, in part because federal courts were called upon to interpret Section 697.07 without the benefit of any state court's interpretation of the statute. Some federal courts have determined Section 697.07 does, indeed, effect an absolute transfer of ownership. *See, e.g., In re Thymewood Apartments,* 123 B.R. 969 (S.D.Ohio 1991); *In re Carter,* 126 B.R. 811 (Bankr.M.D.Fla.1991); *In re 163rd Street Mini Storage,* 113 B.R. 87 (Bankr.S.D.Fla. 1990). Other federal courts have determined Section 697.07 only provides an enforcement mechanism for assignment of rents clauses and no absolute assignment takes place. *See, e.g., In re Growers Properties No. 56,* 117 B.R. 1015 n. 1 (Bankr. M.D.Fla.1990); *In re Shoppes of Hillsboro,* 131 B.R. 1018 (Bankr.S.D.Fla.1991); *In re Mariner Enterprises of Panama City,* 131 B.R. 190 (Bankr.N.D.Fla.1989); *In re One Fourth Street North, Ltd.,* 103 B.R. 320 (Bankr.M.D.Fla.1989). Now, however, Florida state courts have interpreted Section 697.07 and have determined Section 697.07 does not transfer ownership of the rents to the mortgagee, but merely provides a mechanism enabling mortgagees to enforce assignment of rents clauses without the need of a foreclosure proceeding. *See Oakbrooke Associates v. Insurance Commissioner of California,* 581 So.2d 943 (Fla. 5th DCA 1991) (Fla.Stat. § 697.07 can be applied retroactively because it is remedial in nature and does not effect a party's substantive rights by creating an absolute transfer of ownership interests in rents in the mortgagee), and *Nassau Square Associates v. Insurance Commissioner of California,* 579 So.2d 259 (Fla. 4th DCA 1991) (Fla.Stat. § 697.07 does not

result in an absolute transfer of the rent to the mortgagee).[4]

In summary, the state court order of May 29, 1991, did not by its terms, operation, or result establish an absolute assignment of rents to Investors, and thus the rents collected by Investors are property of Debtor's estate and subject to this Court's Orders on the use of cash collateral.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the state court's order of May 29, 1991, did not result in an absolute assignment of rents from Debtor to Investors. Consequently, the Emergency Motion of Investors Savings Bank to Prohibit Use of Cash Collateral and Adequate Protection is denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the parties shall continue to comply with all previous cash collateral or adequate protection Orders of this Court.

DONE AND ORDERED.

---

4. Contrary to Investors assertion that two Florida state court decisions hold the mortgagee is entitled to absolute ownership of rents, *Federal Home Loan Mortgage Corp. v. Molko,* 584 So.2d 76 (Fla. 3d DCA 1991), merely holds that at a minimum § 697.07 requires a mortgagor to deposit rents into registry of court and thus the mortgagee's motion to require the mortgagor to assign all rents collected to either the court-

appointed receiver or the court registry should not have been denied, and *Executive Square, Ltd. v. Delray Executive Square, Ltd.,* 546 So.2d 434 (Fla. 4th DCA), *rev. denied,* 554 So.2d 1167 (Fla.1989), a *per curiam* opinion, holds that the trial court did not exceed its jurisdiction by requiring the mortgagor to deposit rents into the registry of the court pursuant to § 697.07.