PER CURIAM.
We reverse the main appeal and remand because the final judgment did not comply with statutory requirements.
Section 61.075(3), Florida Statutes (1991), provides:
(3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). The *633 distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(e) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
(d) Any other findings necessary to advise the parties or the reviewing court of the trial court’s rationale for the distribution of marital assets and allocation of liabilities.[1]
The trial court stated at the final hearing: “This will be the final judgment.” It then went forward to recite a number of findings and conclusions. These recitations were not incorporated by reference into the final judgment nor were they complete. On remand it may be feasible for the trial court to remedy the final judgment based on the transcript of the hearing. If not, a further evidentiary hearing may be required to assist the trial court in complying with all of the statutory requirements. There is no issue as to the date of valuation of assets.
Further, the final judgment should recite the trial court’s findings to explain the absence of credit to the wife for any capital improvements to the home. Finally, upon the main appeal, the final judgment should include a finding of the husband’s income in order to comply with section 61.30, Florida Statutes (1989), to justify the trial court’s deviation from the child support guidelines.
As to the cross-appeal, we affirm.
GLICKSTEIN and WARNER, JJ., and ALVAREZ, RONALD V., Associate Judge, concur.

. This section of the statute was added by chapter 91-246, Laws of Florida (1991), and took effect on July 1, 1991. Although appellant’s petition for dissolution was filed on January 8, 1991, application of this section of the statute is not barred by the general rule against retroactive application of statutes because it prescribes a mode of procedure. Like remedial laws, statutes or amendments to statutes that are procedural in nature do not fall within the general prohibition against retroactive application of statutes because they do not create or abolish vested rights. Department of Agric. & Consumer Servs. v. Bonanno, 568 So.2d 24, 30 (Fla.1990); Nassau Square Assocs., Ltd. v. Insurance Comm’r, 579 So.2d 259, 259 (Fla. 4th DCA 1991); Batch v. State, 405 So.2d 302, 304 (Fla. 4th DCA 1981). Procedural statutes can be applied retroactively to pending cases because, unlike substantive statutes, “no one has a vested interest in any given mode of procedure.” State v. Kelley, 588 So.2d 595, 597 (Fla. 1st DCA 1991).