**In re SUNRISE INDUSTRIAL DEVEL-OPMENT CORP., Debtor.**

**Bankruptcy No. 90–27247–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Dec. 4, 1990.

Raymond B. Ray, P.A., Fort Lauderdale, Fla.

Alan L. Levine, Fort Lauderdale, Fla., for debtor.

Anthony N. Brimo, Houchins & Stewart, P.A., Fort Lauderdale, Fla.

ORDER RESTRICTING UNAUTHO-RIZED USE OF AND TURNOVER OF RENTS, GRANTING RELIEF FROM STAY, DENYING MOTION TO DISMISS, DENYING USE OF CASH COLLATERAL AND CON-TINUING HEARING ON MOTION TO ACCEPT EXECUTORY CON-TRACT

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on November 27, 1990, on the Motion's of Secured Creditor, Waters Mortgage Corporation ("Waters"), to: Restrict Unauthorized Use of Rents and to Require Turnover of Rents, to Dismiss the Chapter 11 Proceeding; and, for Relief from Stay, and, the Motion of the Debtor to Use Cash Collateral and to Accept Executory Contracts. After proper notice and hearing the Court having observed the candor and demeanor of the witnesses, examined the exhibits placed into evidence, having heard the arguments of counsel and being otherwise fully advised in the premises, the Court finds as follows:

1. Debtor filed its voluntary petition under Chapter 11 of Title 11, United States Code on October 9, 1990.

2. Waters is a Secured Creditor of the Debtor in the amount of $2,300,000.00 by reason of a Promissory Note ("Note") secured by a Mortgage and Security Agreement ("Mortgage") and an Assignment of Rents and Leases. The original Note and Mortgage were recorded on or about September 22, 1988. The Assignment of Rents

and Leases was separately recorded on September 22, 1988.

3. The original indebtedness owed to Waters was modified by a Mortgage Modification Extension and Future Advance Agreement dated May 29, 1990.

4. The Note and Mortgage, as modified, have been in default since August 1, 1990.

5. The rents, income and profits attributable to the property were absolutely transferred to Waters upon default and written demand to the Debtor herein, pursuant to Florida Statute § 697.07 (1989).

6. Waters filed a foreclosure action against the Debtor in the Circuit Court of Broward County Florida, Case No.: 90–26032(04).

7. During the State Court foreclosure proceedings the Debtor and Waters entered into a Stipulation and Agreed Order for Direct Payment of Rents, Income and Profits on or about September 17, 1990. This Stipulation and the State Court order approving same required the Debtor to pay all rents received from the Debtor's property after September 12, 1990 directly to Waters.

8. Subsequent to the entry of the aforesaid Order in the State Court proceeding, the Debtor filed its voluntary petition under Chapter 11.

9. In response, Waters filed its Emergency Motion to Restrict Unauthorized Use of Rent and to Require Turnover of Rents, Motion to Dismiss, and Motion For Relief from Stay. These matters were originally set for hearing on October 31, 1990, and were continued by Court Order dated November 7, 1990, final hearing on November 27, 1990.

10. On October 18, 1990 the Debtor filed a Motion to Use Cash Collateral and Motion to Accept Executory Contracts consisting of the tenant leases of the Debtor.

11. Debtor's Petition lists Waters as the primary secured creditor in the amount $2,300,000.00, representing approximately ninety (90%) of the total secured debt and eighty percent (80%) of the sum of the total secured and unsecured debt.

12. This Chapter 11 proceeding is a one asset bankruptcy consisting of the one parcel of real property in question and a 52,000 square foot building located thereon.

13. Waters made a conditional, as opposed to an absolute assignment, of the Mortgage to MidAtlantic Bank as additional collateral for an obligation of Waters to MidAtlantic Bank. MidAtlantic Bank in turn reassigned the mortgage to Waters.

14. At the hearing held on October 31, 1990 the Court authorized the Debtor to use one half of the monthly rental revenues for current post petition operational expenses. Instead, the Debtor used approximately forty five percent (45%) of the November rental revenues to debt service a loan to a junior lienholder that was personally guaranteed by the principals of the Debtor.

15. The debt service on the Water's Mortgage is approximately $25,000.00 per month.

16. The monthly escrow for Real Estate taxes is between five ($5,000.00) and six ($6,000.00) thousand dollars per month.

17. The Debtor conceded that the current monthly revenue or income is insufficient to provide a real estate tax escrow, interest service on the first mortgage and the payment of current operational expenses.

18. The Debtor introduced expert testimony in support of its Motion to Use Cash Collateral to establish the value of the real property in question. However, this expert testimony was predicated upon the assumption that Debtor's premises are fully leased to financially solvent tenants.

19. There was no evidence offered to establish the financial stability of the tenants. The Debtor conceded that certain tenants had been granted rental concession and were not currently paying rent.

In *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), the Supreme Court concluded that the rights to rents and profits derived from mortgaged property is to be determined by the laws of the state in which the property is located rather than by Federal law. Florida statute

§ 697.07 (1989) provides in pertinent part as follows: "A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee." Based on the Debtor's default and Waters compliance with the provisions of § 697.07 the Assignment of Rents and Leases became an absolute transfer of the income stream to the mortgagee. *In re 163rd Street Mini Storage, Inc.*, 113 B.R. 87 (1990). In accordance with the foregoing findings of fact, Water's compliance with Florida Statute § 697.07 (1989); and this Court's decision. *In re 163rd Street Mini Storage, Inc.*, 113 B.R. 87 (1990), the Court determines that the agreement between the parties consisting of the Mortgage, as modified; the separate Assignment of Rents, Leases and Profits Storage, Inc; and the State Court Stipulation created an absolute Assignment of the Rents, Income and Profits to Waters. Therefore those rents are not property of the estate under 11 U.S.C. § 541(a) of the Bankruptcy Code, and accordingly are not cash collateral as defined in 11 U.S.C. § 363(a). *See Id.*

Accordingly, it is hereby

ORDERED AND ADJUDGED:

That the Motion of Waters Mortgage Corporation to Restrict Unauthorized Use of Rents and Turnover of Rents is granted, and the Debtor shall forthwith turnover to Waters all rents and other proceeds derived from the property, and shall continue to account for and turnover such future rents and other proceeds immediately upon receipt and it is; further,

ORDERED AND ADJUDGED; that the Motion for Relief from Stay filed by Waters Mortgage Corporation is granted, and the stay is modified to authorize Waters to proceed in the State Court action up through and including a final judgment of foreclosure. The Court retains jurisdiction to set the terms and conditions of the foreclosure sale; and it is further,

ORDERED AND ADJUDGED; that the Motion of Waters Mortgage Corporation to Dismiss the Chapter 11 proceeding is denied; and it is further,

ORDERED AND ADJUDGED; that the Debtor's Motion to use Cash Collateral is denied; and it is further,

ORDERED AND ADJUDGED; that the Debtor's Motion to Accept Executory Contracts is continued pending the submission of a proposed Plan of Arrangement and Disclosure Statement by the Debtor.

DONE AND ORDERED.