In re Dwight H. BECKER and Irene E. Becker, Debtors.

Dwight H. BECKER and Irene E. Becker, Plaintiffs,

v.

BANK OF BARRON, a Wisconsin banking corporation, Defendant.

Bankruptcy No. EF 11–84–00413. No. 84–C–942–S.

United States District Court, W.D. Wisconsin.

Jan. 22, 1985.

Peter F. Herrell, Jordan, Herrell & Thiel, Eau Claire, Wis., for plaintiffs.

Gregory A. Jennings, Chetek, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

This is an appeal of the decision of the Bankruptcy Court for the Western District of Wisconsin, 46 B.R. 17, Judge William Frawley presiding, in an adversary proceeding between the debtors in possession and a creditor. The question presented concerns the sufficiency of the financing statement filed by the creditor with respect to the description of loan collateral in which the creditor claims a security interest. In deciding for the debtors in possession, Judge Frawley held that the description was insufficient to perfect a security interest.

Jurisdiction is grounded in 28 U.S.C. § 1334.

## FACTS

On September 5, 1974, the debtors, Dwight and Irene Becker, executed a consumer farm security agreement with the Bank of Barron, the agreement providing the bank with a security interest in:

all farm equipment now owned or hereafter acquired by debtor, and all accessions to, and spare and repair parts, special tools and equipment for farm equipment, all livestock now owned or hereafter acquired by debtor, and the young of all livestock. The following products of livestock now owned or hereafter acquired by debtor: milk and milk products. All accounts and contract rights now owned or hereafter acquired by debtor, arising from the sale, lease or other disposition of the following products: milk and milk products. All livestock feed now owned or hereafter acquired by debtor and all proceeds of any of the above-named and itemized property.

On September 11, 1974, the Bank filed a financing statement with the Barron County Register of Deeds which read, in pertinent part: "All farm personal property and feed now owned and hereafter acquired. 25% dairy assignment." The debtors concede that the financing statement perfects a security interest in feed, a 25% milk assignment and the proceeds of said items, but only an unperfected security interest in all other items specified in the security agreement.

Judge Frawley so held, and the Bank has appealed.

## MEMORANDUM

The Court views this question, as did the court in *Matter of H.L. Bennett Co.*, 588 F.2d 389 (3rd Cir.1978), cited by the debtor, as "a narrow one of statutory interpretation." *Id.* at 391. The Court is compelled to agree with Judge Frawley that the de-

scription in the financing statement filed by the bank in this case is not sufficient to perfect a security interest in anything other than feed, a 25% milk assignment and the proceeds of the same.

Section 409.402(1)(a), Wis.Stats., provides that a financing statement is sufficient if it "contains a statement indicating the types, or describing the items, of collateral." Further, § 409.110 provides:

> For the purposes of this chapter a description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described.

Accordingly, the question here is whether "all farm personal property" reasonably identifies what is described or indicates a type or describes an item of collateral.

■ It is clear that the primary purpose of § 409.402 (corresponding to § 9–402 of the Uniform Commercial Code) is to provide notice to third parties of the possible claims of others. White and Summers, Uniform Commercial Code 2d, page 910 (1980). However, the statute requires some specificity (an indication of types or description of items) so that the filing of a financing statement itself, without explanation, cannot be sufficient despite the fact notice is given to third parties of a possible claim of another.

The *Bennett* case, cited above, concerned a financing statement which identified collateral as "all assets as contained in the security agreement." The Court of Appeals held this description to be insufficient under the theory that it neither described the items of collateral nor, more importantly, indicated a "type" of property within the meaning of Chapter Nine of the Uniform Commercial Code. Types of collateral, according to the Court, included those types of property defined in the Chapter, for example § 9–109 (at Wis.Stats. § 409.-109).

The Court in *Bennett* placed significant reliance on another decision, *In re Fuqua*, 461 F.2d 1186 (10th Cir.1972), as do the debtors here. In *Fuqua*, the Court faced a financing statement which claimed, as collateral, "all personal property." This was held to be insufficient because the drafters, in requiring "any description" (see § 409.-110), "must have intended that some description was required to elaborate on the naked phrase 'all personal property.'" *Id.* at 1188.

■ While Wisconsin observes the comment to the UCC (regarding § 9–110) that exacting, serial number tests as to sufficiency are discouraged, *Milwaukee Mack Sales v. First Wis. Nat'l Bank*, 93 Wis.2d 589, 287 N.W.2d 708, 713 (1980), it is clear that the description "all farm personal property" approaches the "super-generic" as discussed in Judge Frawley's decision. As a practical matter, this description provides little more notice to third parties than if no description at all were included. It does not "reasonably identify" anything claimed by the Bank because it provides no guidance to third parties about the nature of the Bank's claim. Even if livestock and farm equipment might be considered farm personal property, the breadth of the term destroys the intended purpose of the filing. This Court's decision in *In re Central Wisconsin Ag Supply, Inc.*, 36 B.R. 908 (W.D. Wis.1983), is of no help to the Bank in this case. That case concerned whether a particular misnaming of the debtor was seriously misleading within the meaning of Wis.Stats. § 409.402(8). That is not the question here. While similarity in debtor names might be said to be enough to put third parties on notice that further checking is required, the general description provided in this case is not sufficient to constitute the same kind of notice.

Accordingly, the decision of the Bankruptcy Court must be affirmed.

### ORDER

IT IS ORDERED that the decision of the Bankruptcy Court for the Western District of Wisconsin in the above entitled action is AFFIRMED.