**In re ASHKENAZY ENTERPRISES, INC., a California corporation, Debtor.**

**In re 9289 BURTON CO., a California limited partnership, Debtor.**

**In re Le PARC ASSOCIATES, a California general partnership, Debtor.**

**Bankruptcy Nos. LA 86–02911–CA, LA 86–03359–CA, LA 86–04469–CA.**

United States Bankruptcy Court, C.D. California.

May 16, 1986.

& Glatt, Los Angeles, Cal., for debtor and debtor-in-possession.

Richard T. Peters, Sidley & Austin, Los Angeles, Cal., for Western Sav. and Loan Co.

Thomas B. Walper, Stroock & Stroock & Lavan, Los Angeles, Cal., for Beverly Hills Sav.

I. Bruce Speiser, McKenna, Conner & Cueno, Los Angeles, Cal., for Western Sav. & Loan Co.

Robert L. Morrison, Lillick, McHose & Charles, Los Angeles, Cal., for So. California Federal Sav. and Loan Ass'n.

## MEMORANDUM OF DECISION

CALVIN K. ASHLAND, Bankruptcy Judge.

Lenders Western Savings and Loan Company, Southern California Savings and Loan Association, and Beverly Hills Savings seek to establish that the operating revenues of Le Mondrian, Le Dufy, L'Ermitage, and Le Parc Hotels are cash collateral. The hotels are either owned by the Ashkenazy Enterprises, Inc. or by entities owned by Ashkenazy.

The lenders hold promissory notes secured by deeds of trust in the hotels. The deeds of trust give the lenders a security interest in the hotel and a security interest in the rents, issues, and profits of the hotels.

The issue is whether the revenues from the hotels constitute rent. I conclude they do not.

A recording under the California Commercial Code is not necessary if the revenues are rents because a lien on real estate including rents is excluded from secured transactions covered by Division 9, Cal. Comm.Code § 9104. A further issue is whether the UCC–1 recorded by each of these creditors was sufficient to perfect their security interest.

## RENTS

Even if it were concluded that a portion of the revenues should be attributa-

Stephen P. Feldman, Cynthia M. Cohen, Audrey J. Wohlgemuth, Stutman, Tresiter

ble to rent testimony shows that at Le Dufy no more than 39% of the revenues from hotel guests is attributable to bare use of the room and property. There has been no testimony as to the other hotels, except testimony that the conclusion would be the same as to Le Mondrian and an offer that it would be the same as to Le Parc.

The three hotels are luxury hotels. Goods and services include: bell service, maid service, linen service, valet parking, security in the parking facilities, 24-hour security guard, message service, mail facilities, safe deposit, check cashing, reservations with affiliated hotels, limousine, newspapers, cable television, stationery and postcards, amenity packages, robes and slippers, wine and fruit baskets, turn-down service, guidebooks, multi-lingual staff, room service, restaurant, sundry and gift shop, laundry and dry cleaning, car rental, meeting rooms, equipment rental. Not all services are available at each hotel. The guest pays primarily for the services and amenities provided.

In *United States v. PS Hotels Corp.*, 404 F.Supp. 1188 (E.D.Mo.), *aff'd*, 527 F.2d 500 (8th Cir.1975) the properly perfected security interest in accounts receivable of a hotel took precedence over a prior assignment to a lessor of the "rents, issues, income and profits" of the hotel. The court held that the exclusion contained in Missouri's equivalent to § 9104 was not intended to apply to accounts receivable of a motel or hotel business to secure payments due under a lease. A rents clause refers to rents payable not charges made for services provided by a hotel to its patrons even though those services included the furnishing rooms for use of guests.

The charges for rooms in hotels are generally referred to as rates not rents. Cal. Civ.Code § 1863. A landlord has no lien on his tenant's property for unpaid rent but an innkeeper has a lien for unpaid charges. 3 B. Witkin, *Summary of California Law* § 418 at 2105 (8th ed.1973).

Cal.Civ.Code §§ 1940–1954.1 deals with the rights and responsibilities of landlords and tenants. Section 1940(a) refers to "persons who hire" dwelling units as tenants, lessees, boarders, and lodgers among others. Section 1940(b) excludes from "persons who hire" persons as transient occupants of a hotel or motel.

Moreover, a tenant receives an estate in land. Whereas, a hotel guest has a bare right to use. The guest is a mere licensee. The legislature did not give the rights of a tenant to the hotel guest as it did to a boarder or lodger in § 1940.

## REVENUES

The revenues from hotel guests are proceeds of accounts resulting from payments for goods and services. *See*, Cal. Comm.Code § 9106. In order to perfect a security interest in accounts, a UCC–1 (financing statement) must be filed under § 9302.

Western and Beverly Hills filed financing statements describing the collateral as "all personal property"; Southern California as "all tangible personal property". Southern California's security interest in the personal property fails because accounts are intangible personal property. No financing statement mentions accounts or operating revenues.

Cal.Comm.Code § 9402 says a financing statement is sufficient if it contains a statement of types, or describing the items, of collateral. A listing of collateral less specifically than by reference to the categories in Division 9 does not meet the requirement of § 9402 of identification by types. *Johnson v. First National Bank (In re Fuqua)*, 461 F.2d 1186 (10th Cir.1972); *In re H.L. Bennett Co.*, 588 F.2d 389 (3rd Cir.1978); *In re Becker*, 53 B.R. 450 (W.D.Wis.1985).

Section 9110 requires reasonable identification of the property described. The description "all personal property" is tantamount to no description at all. The purpose of § 9402 is to provide to third parties notice of the possible claims of others.

## BANKRUPTCY CODE § 552

Because of the foregoing it is not necessary to discuss the effect of the credi-

tors' security interests on property acquired by the debtor after the filing of the case. Under Bankruptcy Code § 552, with the exception of proceeds of property acquired before the case, property acquired by the debtor after commencement of the case is not subject to any lien resulting from any security interest entered into before commencement of the case.

## CONCLUSION

The rents, issues, and profits clauses in the deeds of trust are insufficient to perfect a security interest in the revenues of debtors' hotels. The description of the collateral is insufficient to perfect a personal property security interest in the revenues. The revenues do not constitute cash collateral.

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Taken together with any separate findings of facts and conclusions of law that may be filed this memorandum shall be the basis of a separate order or judgment.