In re ASHOKA ENTERPRISES,
INC., Debtor.

Bankruptcy No. 89–35721–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Nov. 26, 1990.

F. Lorraine Jahn, Margaret W. Hull, Akerman, Senterfitt & Eidson, Miami, Fla., for Ford Motor Credit Corp.

Robert C. Furr, Boca Raton, Fla., for the Trustee.

Kenneth S. Rappaport, Boca Raton, Fla., for Ashoka Enterprises, Inc., d/b/a Melbourne Beach Hilton.

## ORDER

GORDON B. KAHN, Chief Judge,
sitting by designation.

This matter having come on for hearing upon the motion of Ford Motor Credit Company to segregate and account for all rents and on motion to prohibit use of cash collateral; due notice of said hearing having been given; and briefs having been submitted and the matter having been taken under submission, the Court now finds, concludes, and orders as follows:

### FINDINGS OF FACT

1. The debtor owns the Melbourne Beach Hilton Hotel located in Brevard County, Florida, subject to a promissory note dated June 6, 1987 in favor of Ford Motor Credit Company ("FMCC"). The note is secured by a mortgage on the hotel property dated June 6, 1986 and recorded June 13, 1986.

2. Article II of said mortgage assigns to FMCC the leases, rents and awards of the mortgage property. Rents are defined in the mortgage as all of the rents, revenues, income profits, deposits, tenders and other benefits payable under the leases and/or arising from the use and enjoyment of all or any portion of the mortgaged property. FMCC has not recorded a U.C.C. Financing Statement with the Secretary of State of Florida.

3. FMCC was granted relief from the stay on September 21, 1990. Pursuant to said relief being granted, FMCC filed the instant motion along with a written de-

mand for all the rents and profits received by the debtor. The written demand was made in an attempt to comply with Fla. Stat. § 697.07 (1987). The effective date of said statute is October 1, 1987.

### CONCLUSIONS OF LAW

Section 697.07 provides in part that a mortgage may contain "an assignment of rents" ... which becomes "absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee." Fla.Stat. § 697.07 (1987). FMCC argues that the proper recording of its' mortgage on the debtor's property perfected the security interest in the rents and profits of the hotel. It further argues that § 697.07 cited above specifically provides for perfection without the need to file a separate U.C.C. financing statement with the Secretary of State. The Trustee argues that § 697.07 does not apply because it became effective after the execution and recordation of the mortgage in question and that the statute is not to be given retroactive effect. He further argues that the room revenues claimed by FMCC as cash collateral are not "rents" as provided for in said statute.

This Court has been unable to find any Florida case law on the issue of whether hotel room receipts are included in rents. Several other courts have considered the issue and have predominantly held that hotel room receipts are personalty and not rents. The majority of these courts have held such receipts to be accounts receivable and subject to perfection only by filing a financing statement in accordance with Article 9 of the U.C.C. See, In re M. Vickers, Ltd., 111 B.R. 332 (D.Colo.1990); In re Oceanview/Virginia Beach Real Estate Assoc., 116 B.R. 57 (Bkrtcy.E.D.Va.1990); In re Investment Hotel Properties, Ltd., 109 B.R. 990 (Bkrtcy.D.Colo.1990); In re Ashkenazy Enterprises, Inc., 94 B.R. 645 (Bkrtcy.C.D.Cal.1986); In re Kearney Hotel Partners, 92 B.R. 95 (Bkrtcy.S.D.N.Y. 1988); In re Greater Atlantic & Pacific Investment Group, 88 B.R. 356 (Bkrtcy.N. D.Okla.1988); but see, In re Mid–City Hotel Associates, 114 B.R. 634 (Bkrtcy.D. Minn.1990).

This Court agrees with the holdings of the majority cases cited above and holds that the debtor's revenues from hotel room sales is an account receivable rather than rent from real property and that § 697.07 does not apply. Further, this Court finds that the debtor's revenues from telephone services, convention services, meeting and banquet facilities, commissions, interest income, cash accounts earned, no-show revenues, guest laundry, valet and in-room monies are personal property/accounts receivable. Under Florida law, the filing of a financing statement with the Secretary of State is necessary to perfect a security interest in accounts receivable. Fla.Stat. § 679.302 (1989). As FMCC has not filed such a statement it is not perfected. The holding that § 697.07 does not apply pretermits a finding on the retroactivity of the statute. Now, therefore, it is

### ORDER

ORDERED, that the motions of Ford Motor Credit Corporation to segregate and account for all rents and to prohibit use of cash collateral be, and they hereby are, DENIED.