## In re SHORE HAVEN MOTOR INN, INC., Debtor.

## Bankruptcy No. 90–25868–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

March 5, 1991.

### ORDER DENYING MOTION TO RESTRICT USE OF CASH COLLATERAL

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before the Court on February 20, 1990, upon the motion of James Lavin (the "creditor") to restrict the debtor's use of cash collateral, and the Court having heard the arguments of counsel, having reviewed the memoranda of law submitted by the parties, and being otherwise fully advised in the premises, hereby makes the following findings and conclusions of law:

In December of 1987, the creditor extended a loan to the debtor in the amount of $1,500,000.00 which was secured by a Wrap Around Mortgage on the debtor's real property. The mortgage contains a clause wherein the debtor pledged as collat-

---

**3.** In this case, the proceeds were converted on the date (January 3, 1990) payment was due on the boats "sold out of trust."

eral the profits, rents and issue of the hotel operation. The parties also executed and recorded a Chattel Mortgage ("security agreement") covering the goods, chattels, furniture, and appliances, including any proceeds thereof, on the property of the debtor. A financing statement was filed with the Florida Secretary of State on February 4, 1988, which lists as collateral all the furniture, goods, and appliances on the property of the debtor. Neither the security agreement nor the financing statement indicate that the loan is secured by the account receivables of the debtor.

The creditor argues that it has the right to the cash collateral generated from the hotel operation on two grounds. First, the creditor asserts that it has a valid, perfected security interest in the hotel revenues of the debtor by virtue of the duly recorded Wrap Around Mortgage. The creditor argues that the room rates collected by the debtor from the operation of the hotel are rents. In conformity with Florida Statute § 697.07, the creditor asserts that the assignment of rents clause in the mortgage vested the creditor with absolute ownership of the rents following the debtor's default on the loan. *See In re 163rd Street Mini Storage*, 113 B.R. 87 (Bankr.S.D.Fla.1989).

■ A number of courts have addressed the issue of whether revenues derived from operation of a hotel are "rents" subject to the security interest created by a recorded mortgage deed. The majority of jurisdictions, including the bankruptcy courts of this district, have declared hotel revenues to be personalty and not rents. *In re Ashkenazy Enterprises, Inc.*, 94 B.R. 645 (Bankr.C.D.Cal.1986); *In re Greater Atlantic and Pacific Investment Group, Inc.*, 88 B.R. 356 (Bankr.N.D.Okla.1988); *In re Kearney Hotel Partners*, 92 B.R. 95 (Bankr.S.D.N.Y.1988); *In re Vickers, Ltd.*, 111 B.R. 332 (D.Colo.1990); *In re Ashoka Enterprises, Inc.*, 4 F.L.W. B383 (Bankr.S.D.Fla. November 30, 1990); *In re Prime Motors Inns, Inc.*, 123 B.R. 104 (Bankr.S.D.Fla.1990). These courts have distinguished between the interest of a lessee who possesses an estate in land, and that of a hotel guest who possesses only a license and who has no interest in the realty. *See In re Kearney Hotel Partners*, 92 B.R. at 99; *In re Prime Motors Inns, Inc.*, at 106.

This Court concurs with the reasoning of the above cited cases and concludes that the revenues derived from the debtor's hotel operation are personalty. A security interest in personalty must be perfected pursuant to Article 9 of the Florida Uniform Commercial Code. Fla.Stat.Ann. Ch. 679 (West 1991). Therefore, the Court finds that the revenues generated from the debtor's hotel operation are not subject to the lien of the creditor's Wrap Around Mortgage. This finding renders moot any determination by this Court as to the enforceability of the assignment of rents clause in the mortgage.

■ Alternatively, the creditor asserts that it has a perfected security interest in the revenues by virtue of the recorded security agreement and financing statement. A financing statement must contain, among other things, a statement indicating the types, or describing the items, of collateral. Fla.Stat.Ann. § 679.402(1) (West 1991). The description of the collateral in a financing statement is sufficient if it reasonably informs third parties that items in possession of the debtor may be subject to prior a security interest thus putting third parties on notice that further inquiry may be necessary. *American Restaurant Supply Co. v. Wilson*, 371 So.2d 489, 490 (Fla. 1st DCA 1979).

■ The financing statement filed by the creditor, although somewhat illegible, contains an addendum describing the items pledged as collateral by the debtor. The addendum lists the goods, furniture, and appliances in each of the hotel rooms of the debtor. The list does not describe the account receivables of the debtor as an item of collateral. Therefore, the Court finds that the filing of a financing statement which does not list the account receivables of the debtor as collateral, renders the

creditor unsecured vis-a-vis the hotel revenues generated by the debtor. Accordingly, it is hereby:

ORDERED AND ADJUDGED that the creditor's Motion to Restrict the Use of Cash Collateral is denied.

DONE AND ORDERED.