634 So.2d 1091 (1994)
ORMOND BEACH ASSOCIATES LIMITED PARTNERSHIP and LPIMC, Inc., Appellants,
v.
CITATION MORTGAGE, LTD., a Nevada Limited Partnership, etc., et al., Appellees.
No. 93-1897.
District Court of Appeal of Florida, Fifth District.
March 4, 1994.
Rehearing Denied April 18, 1994.
J. Lester Kaney, of Cobb, Cole & Bell, Daytona Beach, Leighton Aiken and Dana M. Campbell, of Owens, Clary & Aiken, L.L.P., Dallas, TX, J. Thomas Cardwell, of Akerman, Senterfitt & Eidson, Orlando, for appellants.
Terrence Russell and Porcher L. Taylor, III, and Nancy W. Gregorie of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellees.
GRIFFIN, Judge.
We affirm the appealed order; however, we do so not on the basis articulated in the lower court's order but on the basis of § 697.07, Florida Statutes (1993). This statute clarifies the legislative intent behind the somewhat murky language of the original 1991 version of the statute and settles differing interpretations of the statute in favor of the view expressed by this court in Oakbrooke Associates, Ltd. v. Insurance Commissioner of State of California, 581 So.2d 943, 944 (Fla. 5th DCA 1991) and by other courts.[1] The 1993 statute governing assignment of rents now plainly embraces all rents *1092 in the possession of the mortgagor at the time of the mortgagee's written demand, as well as those collected thereafter. The statute also specifies more clearly the procedure for the contestants to obtain an order sequestering rents subject to assignment pending litigation. Appellant urges that § 697.07, Florida Statutes (1993) cannot require sequestration of rents collected by the mortgagor prior to enactment of the statute.
Under the "lien theory" of Florida law, there is no transfer of ownership in rents until there is a change in ownership of the underlying property. In re California Garden Apartments, Ltd., 130 B.R. 509, 513 (Bankr.S.D.Ohio 1991). Before enactment of the statute, a mortgagee's only way to protect rents subject to assignment on default, until title passed through foreclosure, was to obtain appointment of a receiver. Carolina Portland Cement Co. v. Baumgartner, 99 Fla. 987, 128 So. 241, 244 (Fla. 1930). Early courts theorized that:
[A] pledge of the rents and profits, along with the land, as security for the mortgage debt, creating as it does a mere contract lien to secure a debt, which can only be made effective and enforceable by the appointment of a receiver by the court, does not conflict with our statute any more than the lien created by the mortgage on the land itself.
Carolina Portland, 128 So. at 245. The Florida supreme court concluded that the impediment to literal enforcement of rent assignment clauses and of agreements for appointment of a receiver was statutory, in that Florida law denied the power of a mortgage instrument to convey away the mortgagor's right of possession. Carolina Portland, 128 So. at 249. The amendments to section 697.07 have removed any perceived statutory impediment to enforcement of rent assignment clauses and have provided a simple procedure for enforcement of the assignment. Oakbrooke, 581 So.2d at 943.
The 1991 version of section 697.07 plainly intended to give effect to the parties' agreement to assign rents by allowing sequestration before the mortgagee obtained possession of the mortgaged property. Application of this statute to mortgages that predated the amendment was validated in Oakbrooke, 581 So.2d at 946. As Oakbrooke pointed out, section 697.07 does not purport to cause the transfer of an ownership interest in rents, merely to establish procedures designed to give effect to the parties' rent assignment agreement. 581 So.2d at 945. We can perceive no basis to distinguish the rationale of Oakbrooke, applicable to rents to be collected after enactment of the statute, from rents collected before enactment of the statute but still held by the mortgagor at the time application for relief was sought under the statute. If the legislature is empowered to enact legislation that interferes with the ownership rights of the mortgagor to the extent of requiring sequestration of rents subject to the lien, it is immaterial when the rents were collected, so long as they are in the hands of the mortgagor and are covered by the assignment Accordingly, we affirm the appealed order[2] and withdraw our previously entered order staying the appealed order.[3]
AFFIRMED.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] See In re Shoppes of Hillsboro, Ltd., 131 B.R. 1018 (Bankr.S.D.Fla. 1991); Matter of Growers Properties No. 56, Ltd., 117 B.R. 1015 (Bankr. M.D.Fla. 1990); In re Mariner Enterprises of Panama City, Inc., 131 B.R. 190 (Bankr.N.D.Fla. 1989); In re One Fourth Street North, Ltd., 103 B.R. 320 (Bankr.M.D.Fla. 1989); In re Thymewood Apartments, Ltd., 123 B.R. 969 (S.D.Ohio 1991); Nassau Square Associates, Ltd. v. Insurance Comm'r of the State of California, 579 So.2d 259 (Fla. 4th DCA 1991); Staff of Fla.S.Comm. on Judiciary, CS for SB 1572 (1993) Staff Analysis 2 (Feb. 25, 1993).
[2] As to appellant's claim that the order erroneously requires deposit of "net operating income" rather than rent, we find the statute, case law and assignment are clear. In light of the prior history of the case, the state of the record and the pending court-ordered accounting, however, we are unable to determine whether this aspect of the order is erroneous. Accordingly, nothing in this opinion should be construed to preclude appellant from applying to the lower court for reconsideration of the issue, if warranted.
[3] The lifting of this stay is effective on the filing date of this opinion. Neither the lack of finality of this opinion nor the filing of any motion for rehearing by either party will further stay the orders entered below.