VILLANTI, Judge.
Amadou Wane seeks review of the nonfi-nal order that required his tenant to pay rents directly to U.S. Bank while foreclosure proceedings against Wane’s rental property are pending. We reject Wane’s contention that U.S. Bank had no standing to seek an assignment of rents without further discussion. But because, as argued by Wane, U.S. Bank failed to offer competent evidence to establish that it was entitled to an assignment of rents, we reverse and remand for further proceedings.
After filing foreclosure proceedings against Wane’s rental property, U.S. Bank filed a motion seeking the assignment of rents from Wane’s tenant based on paragraph H of a “1-4 Family Rider” which was attached to the mortgage. This paragraph provides in pertinent part:
H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues (“Rents”) of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender’s agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender’s agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the ten-antis) that the Rents are to be paid to Lender or Lender’s agents.
(Emphasis added.) In response to U.S. Bank’s motion, Wane argued that U.S. Bank had not proved that it had given him notice of default pursuant to Section 22 of the mortgage and thus it had not established that it was entitled to an assignment of rents under paragraph H of the Rider. U.S. Bank countered by pointing to a copy of a “default letter” attached as an exhibit to its motion for assignment of rents. However, this copy was not authenticated in any manner — it was simply stapled to U.S. Bank’s unsworn motion. Although Wane argued that this unauthenticated *934 copy was legally insufficient to establish that U.S. Bank had actually provided the required notice, the trial court granted U.S. Bank’s motion and entered an order requiring Wane’s tenant to pay rents directly to U.S. Bank.
In this appeal, Wane again argues that U.S. Bank’s proof was legally insufficient to entitle it to receive an assignment of rents from his tenant. We agree. In Bryson v. Branch Banking & Trust Co., 75 So.3d 783, 786 (Fla. 2d DCA 2011), this court held that default letters purportedly sent to the mortgagor by the bank were not self-authenticating and could not be considered by the court absent some form of authentication. We reached a similar result in DiSalvo v. SunTrust Mortgage, Inc., 115 So.3d 438, 439 (Fla. 2d DCA 2013). While both of those cases involved motions for summary judgment, in both cases this court stated that copies of letters that are not accompanied by an affidavit of a records custodian or other proper person attesting to their authenticity and correctness do not constitute competent evidence in foreclosure proceedings.
Admittedly here, the trial court was not addressing a motion for summary judgment. However, in seeking an assignment of rents otherwise payable to Wane, U.S. Bank was legally obligated to comply with the terms of the Rider and section 697.07, Florida Statutes (2012), which requires U.S. Bank to prove its entitlement to such an assignment. It complied with neither.
Section 697.07 is entitled “Assignment of rents,” and it “establish[es] procedures designed to give effect to the parties’ rent assignment agreement.” Or-mond Beach Assocs. Ltd. P’ship v. Citation Mortg., Ltd., 634 So.2d 1091, 1092 (Fla. 5th DCA 1994); see also Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 498 (Fla. 3d DCA 1994) (stating that “a mortgagor and mortgagee are free to contract for an assignment of rents, and enforcement of that assignment will be governed by [section 697.07]”). Section 697.07 draws a clear line between a motion seeking sequestration of rents into the court registry and a motion seeking an actual assignment of rents to the lender pending foreclosure. Compare § 697.07(4) (dealing with sequestration of rents into the court registry), with § 697.07(3) (dealing with the assignment and collection of rents by the lender). The former requires only a bare showing of a pending foreclosure action and an assignment of rents provision in the applicable mortgage, while the latter requires proof of a default and proof of a written demand for the rents. When such proof is lacking, an assignment of rents to the mortgagee constitutes an abuse of discretion. See, e.g., Whud Real Estate Ltd. P’ship v. Oak Grove, Ltd., 699 So.2d 842, 842-43 (Fla. 3d DCA 1997).
Had the trial court in this case ordered a sequestration of rents into the court registry, we would be unable to find an abuse of discretion. But the court did not order sequestration. Instead, it ordered an assignment of rents directly to U.S. Bank without any competent evidence that U.S. Bank had made either a written demand for the rents as required by section 697.07(3) or given written notice of default as required by paragraph H of the Rider. Simply put, the Bank offered no competent evidence that it had satisfied the requirements of either the statute or the Rider. In the absence of such evidence, the order granting an assignment of rents to U.S. Bank constituted an abuse of discretion.
Accordingly, we reverse the order granting the assignment of rents and remand for further proceedings. On remand, the trial court may either order sequestration of the rents, including the rents already received, into the court registry pursuant *935 to section 697.07(4) or it may hold additional proceedings to give U.S. Bank an opportunity to prove that it is entitled to an assignment of rents under section 697.07(3) and paragraph H of the Rider.
Reversed and remanded for further proceedings.
SILBERMAN and MORRIS, JJ., Concur.