IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CARLOS M. RODRIGUEZ,
RAFAEL RODRIGUEZ AND
THEIR ASSIGNEE NATIONAL
RECOVERY CENTER,

      Appellants,

 v.                             Case No.  5D17-196

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

      Appellee.
_____/

Opinion filed June 23, 2017

Appeal from the Circuit Court
for Marion County,
Victor J. Musleh, Senior Judge.

Rafael De Araujo, of Law Office of Rafael
de Araujo, P.A., Miami, for Appellants.

Roy A. Diaz, of SHD Legal Group, P.A., Fort
Lauderdale, for Appellee.

ORFINGER, J.

      The issue in this case is whether the trial court erred in entering an order disbursing surplus proceeds from a foreclosure sale to the buyer to use to satisfy subordinate lienholders who were not parties to the foreclosure action.  Because the issue is purely a question of law, our review is de novo.  See Armstrong v. Harris, 773 So. 2d 7, 11 (Fla. 2000).

Federal National Mortgage Association ("FNMA") brought a foreclosure action against Carlos M. Rodriguez and Rafael Rodriguez, the property owners. No subordinate lienholders were named in the foreclosure complaint. In time, a final judgment was entered, a foreclosure sale was held, and the property was sold to Luzupozo, LLC, a third-party purchaser. After FNMA's judgment was satisfied in full, surplus funds remained with the clerk of the court. Less than sixty days after the clerk issued the certificate of disbursements, the Rodriguezes and their assignee, National Equity Recovery Services, Inc. ("NERS"), filed a claim for the surplus funds. More than sixty days after the clerk issued the certificate of disbursements, Luzupozo asked the court to release the surplus funds to pay off liens on the foreclosed property that were alleged to be inferior to FNMA's mortgage. The trial court granted Luzupozo's request and ordered the clerk to disburse the surplus funds to pay off the liens detailed in Luzupozo's motion. The Rodriguezes and NERS now appeal.

Section 45.032, Florida Statutes (2016), creates a rebuttable presumption that the owner of record is entitled to receive all "surplus funds after the payment of subordinate lienholders who have timely filed a claim." Section 45.032(1)(a) defines the "owner of record" as the person who appears to be the owner of the property "that is the subject of the foreclosure proceedings on the date of the filing of the lis pendens." "Subordinate lienholder" is defined to mean "the holder of a subordinate lien shown on the face of the pleadings as an encumbrance on the property." Id. § 45.032(1)(b). During the sixty days after the clerk issues a certificate of disbursements, the clerk is required to hold the surplus pending a court order. If, as here, the owner of record claims the surplus during the sixty-day period, and there are no subordinate lienholders, the court is to order the

2

clerk to pay the surplus to the owner of record after the payment of any applicable service charges. See § 45.032(3)(a), Fla. Stat. (2016). That did not happen here.

The distribution of surplus foreclosure proceeds is governed by a statutory procedure that unambiguously provides that the owner of record is entitled to the surplus proceeds, except in certain limited circumstances not present here. See § 45.033, Fla. Stat. (2016). When the legislature has provided such a process, courts are not free to deviate from that process absent express authority. Pineda v. Wells Fargo Bank, N.A., 143 So. 3d 1008, 1011 (Fla. 3d DCA 2014). The statute governing the distribution of surplus foreclosure sale proceeds does not provide a mechanism authorizing a third-party purchaser to obtain the surplus or its benefits. See § 45.032(1)(a), Fla. Stat. (2016).

The notice of lis pendens recorded in this case reflects that the Rodriguezes owned the subject property. No subordinate lienholders were shown on the face of the complaint. Luzupozo was neither an "owner of record," an assignee of the owner, nor a "subordinate lienholder," and thus was not entitled to benefit from the surplus funds. Under the facts present here, the application of the statute is clear—the owner of record at the time of the recording of the lis pendens is entitled to any surplus proceeds.

On this record, there is no mechanism by which Luzupozo could benefit from the surplus and the trial court erred in finding otherwise. We reverse and remand with directions that the surplus funds be deposited back into the court registry and for further proceedings consistent herewith.

REVERSED and REMANDED WITH DIRECTIONS.

COHEN, C.J. and EDWARDS, J., concur.

3