NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GREEN EMERALD HOMES, LLC,                )
                                         )
    Appellant,                           )
                                         )
v.                                       )        Case No. 2D17-4410
                                         )
RESIDENTIAL CREDIT OPPORTUNITIES )
TRUST; JOHN DOE OR ANY OTHER             )
PERSON IN POSSESSION; and                )
MAGNOLIA PARK AT RIVERVIEW               )
HOMEOWNERS ASSOCIATION, INC.,            )
                                         )
    Appellees.                           )
_____)

Opinion filed June 27, 2018.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

Brennan Grogan of Levine Law Group,
Palm Beach Gardens, for Appellant.

Melisa Manganelli of Law Offices of
Mandel, Manganelli & Leider, P.A., Boca
Raton, for Appellee Residential Credit
Opportunities Trust.

No appearance for remaining Appellees.

BLACK, Judge.

Green Emerald Homes, LLC, challenges the order granting Residential Credit Opportunities Trust's motion to sequester rents pursuant to section 697.07, Florida Statutes (2017). The order requires that Green Emerald Homes—as title owner to property which is the subject of Residential Credit's foreclosure action—deposit rents collected on the property into the trust account of Residential Credit's attorneys pending resolution of the foreclosure action. We reverse.

In 2008, three individuals—Jonathan Orjuela, Yury Tatiana Mesa Diaz, and Michael Arjuela (the borrowers)—executed a promissory note and mortgage in favor of CTX Mortgage Company, LLC. The mortgage contains an assignment of rents provision and was recorded in the public records of Hillsborough County in March 2008.

In June 2014, as the result of a junior lienholder foreclosure action instituted by Magnolia Park at Riverview Home Owners Association, Inc., Green Emerald Homes purchased the property and was issued a certificate of title. In September 2014, Residential Credit was assigned the note and mortgage, becoming the senior lienholder.[1] One month later, Residential Credit filed a foreclosure action, naming Green Emerald Homes, Magnolia Park, and unknown tenants as defendants.[2] In April 2017, after issuing "demand for rents" letters to Green Emerald Homes and the borrowers but not receiving those rents, Residential Credit filed a "Motion to Sequester

_____

[1]The note and mortgage appear to have been assigned from CTX to Countrywide Bank, FSB, then from Countrywide to Bank of America, N.A., then from Bank of America to Bayview Loan Servicing, LLC, and finally from Bayview to Residential Credit.

[2]The borrowers were not named as defendants.

Earnings, Revenues, Rents, Issues, Profits, and Incomes," relying on section 697.07 and the terms of the mortgage. The motion sought an order directing any and all defendants, including specifically Green Emerald Homes, to deposit "all earnings, revenues, rents, issues, profits and income earned and derived from the property at issue."

Following a hearing, the trial court granted Residential Credit's motion and ordered Green Emerald Homes to file a copy of any rental agreements to which it was a party for 2017 and to deposit into the trust account of Residential Credit's attorneys any rents collected from March 2017 forward. The order also required that any rents due but not previously paid to Green Emerald Homes by renters of the property be tendered by the renters to Residential Credit's attorneys for deposit into their trust account. We conclude that the trial court erred in granting the motion to sequester rents.[3]

The mortgage executed by the borrowers contains the following assignment of rents provision:

> Borrower unconditionally assigns and transfers to Lender all of the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hearby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.
>
> If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee

---

[3]A transcript of the hearing was not provided to this court and, upon order to supplement the record, Green Emerald Homes has advised that a court reporter was not present at the hearing.

for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written notice to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

"[A] mortgagor and mortgagee are free to contract for an assignment of rents, and enforcement of that assignment will be governed by [section 697.07]." Ginsberg v. Lennar Fla. Holdings, Inc., 645 So. 2d 490, 498 (Fla. 3d DCA 1994). Section 697.07 "establish[es] procedures designed to give effect to the parties' rent assignment agreement." Wane v. U.S. Bank, Nat'l Ass'n, 128 So. 3d 932, 934 (Fla. 2d DCA 2013) (alteration in original) (quoting Ormond Beach Assocs., Ltd. P'ship v. Citation Mortg., Ltd., 634 So. 2d 1091, 1092 (Fla. 5th DCA 1994)). Section 697.07 provides, in pertinent part:

(1) A mortgage or separate instrument may provide for an assignment of rents of real property or any interest therein as security for repayment of an indebtedness.

(2) If such an assignment is made, the mortgagee shall hold a lien on the rents, and the lien created by the assignment shall be perfected and effective against third parties upon recordation of the mortgage or separate instrument in the public records of the county in which the real property is located, according to law.

(3) Unless otherwise agreed to in writing by the mortgagee and mortgagor, the assignment of rents shall be enforceable upon the mortgagor's default and written demand for the rents made by the mortgagee to the mortgagor, whereupon the mortgagor shall turn over all rents in the possession or control of the mortgagor at the time of the written demand or collected thereafter (the "collected rents") to the mortgagee less payment of any expenses authorized by the mortgagee in writing.

(4) Upon application by the mortgagee or mortgagor, in a foreclosure action, and notwithstanding any asserted defenses or counterclaims of the mortgagor, a court of competent jurisdiction, pending final adjudication of any action, may require the mortgagor to deposit the collected rents into the registry of the court, or in such other depository as the court may designate.

"[A]n assignment of rents creates a lien on the rents in favor of the mortgagee, and the mortgagee will have the right to foreclose that lien and collect the rents, without the necessity of foreclosing on the underlying mortgage." Ginsberg, 645 So. 2d at 498; see also § 697.07(2). However, during the pendency of a foreclosure of the mortgage the statute also allows the rents to be deposited into the registry of the court or another depository designated by the court upon motion by the mortgagee or mortgagor. § 697.07(4); see also Wane, 128 So. 3d at 934 ("Section 697.07 draws a clear line between a motion seeking sequestration of rents into the court registry [under subsection (4)] and a motion seeking an actual assignment of rents to the lender pending foreclosure [under subsection (3)]."). To be entitled to the sequestration of rents, the movant must establish only "a pending foreclosure action and an assignment of rents provision in the applicable mortgage." Wane, 128 So. 3d at 934.

Green Emerald Homes does not dispute that Residential Credit has standing to enforce the assignment of rents or seek sequestration of rents. The

mortgage establishes that CTX Mortgage Company, LLC, was the original lender and mortgagee. See § 721.82(6), Fla. Stat. (2008) (defining "mortgagee" as "a person holding a mortgage lien"). When Residential Credit was later assigned the mortgage and note, it assumed "all beneficial interest under the mortgage," as well as the debt evidenced by the note and "all rights accrued or to accrue under" the mortgage and note. Thus, Residential Trust became the mortgagee.

Green Emerald Homes does dispute, however, Residential Credit's claim of entitlement to sequestration of rents as against Green Emerald Homes.[4] Green Emerald Homes asserts that it is not a party to the mortgage and is not the mortgagor for purposes of section 697.07. We agree.

The mortgage identifies the mortgagors and borrowers as the three individuals who executed the mortgage. See also § 721.82(7) (defining "mortgagor" as "a person granting a mortgage lien or a person who has assumed the obligation secured by a mortgage lien"). When Green Emerald Homes purchased the property at the Magnolia Park foreclosure sale, it did not become the mortgagor/borrower. See Bank of N.Y. Mellon, ex rel. Certificate Holders of CWABS Inc., Asset-Backed Certificates, Series 2007-5 v. Diaz, 232 So. 3d 435, 436 (Fla. 4th DCA 2017) ("The title owner purchased the subject property at a prior foreclosure sale brought by a homeowner's association. The title owner was not the borrower under the note

---

[4]We note that Residential Credit did not seek to enforce its statutorily-created lien on the rents subject to the assignment of rents provision in the mortgage, pursuant to section 697.07(3); it sought only sequestration of rents, pursuant to section 697.07(4). See Ginsberg, 645 So. 2d at 498 ("According to the statute an assignment of rents creates a lien on the rents in favor of the mortgagee, and the mortgagee will have the right to foreclose that lien and collect the rents, without the necessity of foreclosing on the underlying mortgage.").

and mortgage."). It became the owner of the property subject to the superior interest and lien imposed by the recorded mortgage. See, e.g., Wells Fargo Bank, N.A., ex rel. Carrington Mortg. Loan Tr., Series 2006 FRE1 Asset-Backed Pass-Through Certificates v. Rutledge, 230 So. 3d 550, 552 (Fla. 2d DCA 2017); PNC Bank, Nat'l Ass'n v. MDTR, LLC, 44 Fla. L. Weekly D281 (Fla. 5th DCA Feb. 2, 2018) (stating that the third-party purchaser took the property subject to a mortgage but did not become a party to the mortgage). Further, because Magnolia Park, which held the junior lien on the property, was not a party to the mortgage and note and therefore not obligated under those documents, the title passed to Green Emerald Homes through the junior-lien foreclosure could not bind Green Emerald Homes to the terms of those documents. Green Emerald Homes is a third party to the mortgage and note at issue; it is not an assignee of the mortgagors. See Rodriguez v. Fed. Nat'l Mortg. Ass'n, 220 So. 3d 577, 578 (Fla. 5th DCA 2017). Green Emerald Home's title to the property does not reflect an assumption of rights and obligations; moreover, Residential Credit does not make such an allegation in its foreclosure complaint.

Finally, while the statute creates a lien on rents which is effective against Green Emerald Homes—as a third party—by virtue of recordation of the mortgage, see § 697.07(2), the statute does not require that the third-party title owner assign to the mortgagee rents owed to it under a separate document not subject to the foreclosure action.[5] The statute specifically and repeatedly places the obligation on the mortgagor.

---

[5]On this record we cannot determine whether any tenants—assuming there are tenants—are long-term renters whose leases originated with the borrowers such that rents paid to the mortgagors/borrowers during the time the mortgagors/borrowers were the owners of record and in default would be subject to sequestration under section 697.07. Nonetheless, because Residential Credit did not

It also specifically provides that "[n]othing herein shall alter the lien priorities, rights, or interests among mortgagees or other lienholders." § 697.07(7). Again, Green Emerald Homes purchased the property at a junior lien foreclosure sale and took title subject to the mortgage. In the same way that a nonparty to the mortgage cannot enforce the terms of the mortgage with regard to attorney's fees, neither can the mortgagor impose the obligations of the mortgage against a nonparty to the mortgage who has not otherwise assumed those obligations. See, e.g, PNC Bank, 44 Fla. L. Weekly D281 ("[T]he status of prevailing party does not equate to the status of a mortgagor under the mortgage 'so as to trigger section 57.105(7)'s reciprocity provision.' Only a mortgagor under the subject mortgage is due such reciprocity." (quoting Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC, 197 So. 3d 1112, 1116 (Fla. 3d DCA 2016))); cf. Madl v. Wells Fargo Bank, N.A., 43 Fla. L. Weekly D82 (Fla. 5th DCA Dec. 29, 2017) (denying rehearing on the order granting attorney's fees, finding that through valid assignment of the mortgage the foreclosing bank became a party to the mortgage and was required to pay prevailing party attorney's fees to the mortgagors).

We are aware of the ramifications of our conclusion in the existing foreclosure environment and are not indifferent to them. As has been discussed in prior

---

name the mortgagors/borrowers in its foreclosure suit, it could not seek to enforce the mortgage terms for those rents in this case. Cf. Wane, 128 So. 3d at 933 (discussing motion seeking assignment of rents from borrower's tenant); Terant v. Beltway Capital, LLC, 147 So. 3d 1103 (Fla. 3d DCA 2014) (discussing sequestration of rents as against borrower). Our holding has no application to rents paid or payable to the mortgagors/borrowers had they been defendants below or to rents payable under a lease executed by the mortgagors/borrowers as landlords and assumed by the third-party purchaser.

opinions, the "innovative procedure" of third parties purchasing properties at junior lien foreclosure sales and subsequently renting those properties for a return on their investments has "a measure of good," potentially even benefiting the mortgagees, but also "a measure of bad," including significant delay of mortgage foreclosure proceedings, "that ought to be regulated or prohibited." See Bonafide Props. v. Wells Fargo Bank, N.A., ex rel. Certificate Holders of Banc of Am. Alt. Loan Tr. 2006-5, Mortg. Pass-Through Certificates, Series 2006-5, 198 So. 3d 694, 696-98 (Fla. 2d DCA 2016) (Altenbernd, J., concurring). In instances of unwarranted delay, the inability of the mortgagee to sequester rents as against the third-party title owners—particularly where that third party is collecting rent but not paying the homeowners' association dues, property taxes, or property insurance, let alone the mortgage—further discourages a speedy resolution of the mortgage foreclosure action from the third party's perspective. However, we must apply the language of the mortgage and section 697.07 as they are plainly written.

Accordingly, we reverse the order granting Green Emerald Homes' motion to sequester rents.

Reversed.


CASANUEVA and VILLANTI, JJ., Concur.