DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SEASPRAY RESORT, LTD,** a Florida limited partnership,
**PRABHJOT K. BENISASIA,** an individual, and
**RICK BENISASIA,** an individual,
Appellants,

v.

**UCF I TRUST 1,** a Delaware statutory trust,
Appellee.

No. 4D18-991

[December 5, 2018]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502014CA000671XXXXMB.

Louis R. Townsend, Jr. of Townsend, LLC, West Palm Beach, for appellants.

Nancy B. Colman and Andrew Thomson of Baritz & Colman LLP, Boca Raton, for appellee.

PER CURIAM.

This non-final appeal arises from a commercial mortgage foreclosure case. The borrowers, who operate a hotel on the property, challenge an order requiring them to deposit all revenue generated from the hotel into the court registry pending final judgment. We affirm the order without prejudice to the borrowers seeking authorization to pay reasonable expenses related to the property before depositing revenue into the court registry.

The borrowers took out a $4.8 million loan in August 2013 to refinance an existing loan and renovate the hotel. As additional security for the loan, they executed and recorded an "assignment of leases and rents," separate from the mortgage. The assignment provides that, in the event of default, the lender will have the right to take possession of "any and all leases . . . licenses, rental agreements and occupancy agreements . . . affecting all or

any part of the Property" and to collect "all rents, royalties, issues, profits, revenue, income and other benefits of the Property . . . ."

The lender filed a foreclosure complaint in January 2014 and later moved to enforce the assignment of leases and rents under section 697.07, Florida Statutes. The trial court granted the motion and ordered the borrowers to deposit into the court registry "any and all revenue derived from, by way of illustration and not limitation, rents, fees, charges, accounts or other payments for the use or occupancy of hotel rooms and other hotel facilities." The borrowers now appeal.

Section 697.07 provides that if a foreclosure action is filed, and there is an assignment of rents securing the loan, the court may require the borrower to deposit collected rents into the court registry pending final judgment, regardless of any asserted defenses or counterclaims. § 697.07(4), Fla. Stat. (2013); *see Wane v. U.S. Bank, Nat'l Ass'n*, 128 So. 3d 932, 934-35 (Fla. 2d DCA 2013); *Tidewater Estates Co-Op, Inc. v. U.S. Bank Nat'l Ass'n*, 83 So. 3d 912 (Fla. 4th DCA 2012). The court may authorize the borrower, however, to use a portion of the collected rents to pay reasonable expenses "to protect, preserve, and operate" the property and to satisfy any legal obligations related to the property. § 697.07(4)(a), Fla. Stat. (2013).

An order sequestering rents into the court registry under section 697.07(4) is reviewed for an abuse of discretion. *See Tidewater Estates*, 83 So. 3d at 912; *Whud Real Estate Ltd. P'ship v. Oak Grove, Ltd.*, 699 So. 2d 842, 842 (Fla. 3d DCA 1997).

The borrowers' primary argument in this case is that hotel revenue cannot be sequestered into the court registry as "rents" under section 697.07(4). They rely on *Orlando Hyatt Associates, Ltd. v. FDIC*, 629 So. 2d 975 (Fla. 5th DCA 1993), where the Fifth District stated that section 697.07 applies only to "long-term rents" and not to "profits" such as hotel revenue. *Id.* at 976-77. We distinguish *Orlando Hyatt* because the parties in that case agreed that section 697.07 does not apply to hotel revenue. *Id.* at 976.[1] Here, the parties do not agree.

_____

[1] The idea that section 697.07 does not apply to hotel revenue stems from a line of bankruptcy cases decided in the early 1990s. *See Orlando Hyatt*, 629 So. 2d at 976 n.3 (citing *In re Punta Gorda Assocs.*, 137 B.R. 535 (Bankr. M.D. Fla. 1992); *In re Shorehaven Motor Inn, Inc.*, 124 B.R. 617 (Bankr. S.D. Fla. 1991); *In re Ashoka Enters., Inc.*, 125 B.R. 845 (Bankr. S.D. Fla. 1990)). These cases hold that a security interest in hotel revenue is not perfected upon the recording of an assignment of rents; instead, the creditor must file a statement under the

The assignment in this case is broad and expressly includes all income generated by the hotel. The borrowers gave the lender the right to collect "all rents, royalties, issues, profits, revenue, income and other benefits of the Property" in the event of default. Considering this broad assignment, we cannot conclude that the trial court abused its discretion under section 697.07(4) by requiring the borrowers to deposit all revenue into the court registry pending final judgment. We therefore affirm the trial court's order.

Our affirmance is without prejudice to the borrowers seeking authorization to pay reasonable expenses related to the property before depositing revenue into the court registry. *See* § 697.07(4), Fla. Stat. (2013).

*Affirmed without prejudice.*

WARNER, MAY and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

Uniform Commercial Code identifying the revenue as collateral. These cases do not preclude sequestration of hotel revenue into the court registry during a foreclosure proceeding where the borrower has agreed to assign the revenue to the lender upon default.